(20 App. Div. 166.)

REVERE RUBBER CO. v. GENESEE VALLEY BLUE STONE CO.

(Supreme Court, Appellate Division, Fourth Department. July 30, 1897.)

BUFFALO MUNICIPAL COURT—JURISDICTION.
    The municipal court of Buffalo, which, under Laws 1891, c. 105, tit. 22, § 456, as amended by Laws 1894, c. 691, has the same jurisdiction over corporations as justices' courts of towns, has no jurisdiction of a defendant where both parties are corporations not residing in the county, nor having their principal places of business there, and where defendant's officer upon whom service of summons was had in the county did not reside there, as under Code Civ. Proc. § 2869, a justice court would not have jurisdiction under such circumstances.
    Ward, J., dissenting.

Appeal from municipal court of Buffalo.

Action by Revere Rubber Company against the Genesee Valley Blue Stone Company. From a judgment for plaintiff, defendant. appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Carleton H. White, for appellant.
John W. Ingram, for respondent.

FOLLETT, J. The action is to recover the price of goods alleged to have been sold and delivered. The sole question involved is whether the court had jurisdiction of the defendant. This action was begun by a summons issued and personally served on the president of the defendant in the city of Buffalo, November 10, 1896, and returnable November 17, 1896. Upon the return day the defendant appeared specially, and objected to the jurisdiction of the court, which objection was overruled. Then it demurred on the ground that it appeared on the face of the complaint that the court had no jurisdiction of the defendant, which was overruled, and it thereupon answered, alleging that neither of the parties was a resident of, or had its principal place of business in, the city of Buffalo, and that the court had no jurisdiction of the defendant. The municipal court of Buffalo has the same jurisdiction over persons and corporations as justices' courts of towns, and no other. Section 456, tit. 22, c. 105, Laws 1891, as amended by chapter 691, Laws 1894 (Charter and Ordinances of Buffalo, p. 272). It was alleged in the complaint that the litigants were domestic corporations, which are those organized under the laws of this state, or under the laws of the United States. Code Civ. Proc. § 3343, subd. 16; subdivision 5, § 3, c. 687, Laws 1892; 2 Rev. St. (9th Ed.) p. 974. These allegations, not being denied in the answer, must be taken as true. Code Civ. Proc. §§ 522, 1776. The defendant is a resident of the county of Wyoming, and has no place of business in the county of Erie. This fact was proved, and not disputed on the trial. The plaintiff is a resident "of New York," having branches at Buffalo and in other cities. Schedule A, which is annexed to and forms part of the complaint, so states. This schedule was proved by plaintiff's witnesses. There is no evidence in the record which would justify a court in holding that either litigant was a resident of or had its principal place of business in the county of Erie. "The term, 'office of a corporation,' means its principal office within the state, or principal place of business within the state, if it has no principal office therein." Subdivision 9, § 3, c. 687, Laws 1892; 2 Rev. St. (9th Ed.) p. 975. It would have been well if the certificates of incorporation had been introduced in evidence for the purpose of establishing where the principal offices of the litigants were situated (People v. Barker, 87 Hun, 341, 34 N. Y. Supp. 269, affirmed 147 N. Y. 715, 42 N. E. 725); but the fact of their nonresidence in the county of Erie was sufficiently proved by other evidence. A justice's court of a town, under the facts proved and not disputed, would not have had jurisdiction of the defendant. Code

Civ. Proc. § 2869. A corporation is not a resident of, nor has it its principal office or place of business within, nor is it within, every county of the state in which one of its executive officers resides or happens to travel. Perry v. Association, 22 Hun, 293; Code Civ. Proc. § 341. Neither party to the action being a resident of, or having its principal place of business in, and not being in, the county of Erie when this action was begun, and the officer served not being a resident of that county, the municipal court acquired no jurisdiction of the defendant.

The judgment should be reversed, with costs. All concur, except WARD, J., dissenting.