(91 App. Div. 176.)

### PEOPLE v. MacWILLIAMS.

(Supreme Court, Appellate Division, First Department. February 5, 1904.)

1. HIGHWAYS—MOTOR VEHICLES—REGULATION—STATUTES—CLASS LEGISLATION.
　　Laws 1903, p. 1420, c. 625, § 166, requires every owner of a motor vehicle to obtain a certificate stating that the owner is registered, etc., but provides that the section shall not apply to a person manufacturing or dealing in automobiles or motor vehicles, except those for his private use, and except those kept for hire. Section 169a, p. 1422, requires that every automobile required to be registered shall have placed on the back thereof the number corresponding with the certificate. *Held*, that, since manufacturers and dealers were not expressly excepted from the tag and registration requirements as to vehicles used by them on the public streets, the act should be construed as excepting only vehicles kept in stock for sale, or for repairs or in storage, and, as so construed, was not unconstitutional as class legislation.

Appeal from Court of Special Sessions of City of New York.

An information was filed against James T. MacWilliams for propelling an automobile without having the number of his certificate attached to the rear thereof. From an order sustaining defendant's demurrer to the information, the people appeal. Reversed.

The complainant was a patrolman of the police department, and the information charged that on the 26th day of June, 1903, at 11:20 o'clock in the forenoon, the defendant operated, drove, and caused to be propelled an automobile or motor vehicle operated by gasoline in and along one of the public driveways of Central Park without having the number of the certificate issued pursuant to the provisions of section 166 of the highway law, as amended by chapter 625 of the Laws of 1903, placed upon the back of the automobile in a conspicuous place, so as to be plainly visible, in violation of section 169a of said law as so amended.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Robert C. Taylor, for the People.
William W. Niles, for respondent.

LAUGHLIN, J. The lower court has upheld the contention of counsel for defendant that section 166 of the highway law, as amended by chapter 625, p. 1420, of the Laws of 1903, providing for the registration of automobiles by their owners, is unconstitutional and void, and that the requirements of section 169a that a number corresponding to the number of the certificate obtained on registering the automobile shall be conspicuously attached to the rear of the vehicle, so as to be plainly visible, is inoperative, and a failure to comply therewith can constitute no crime. Section 166 of the highway law, as so amended, provides, in substance, that every person owning an automobile or motor vehicle at the time of the enactment of the amendment, or who shall thereafter acquire one, shall, within the time prescribed—

"File in the office of the Secretary of State a statement containing his name and address, with a brief description of the character of such vehicle, including the name of the maker and the number of the motor vehicle, and shall pay to the Secretary of State a registration fee of one dollar for each motor vehicle. The Secretary of State shall issue to such person a certificate, properly numbered, stating that such owner is registered in accordance with this section, and shall cause the name of such owner, and his address, the number of his certificate and a description of such motor vehicle, to be entered in alphabetical order in a book kept for such purpose. * * * This section shall not apply to a person manufacturing or dealing in automobiles or motor vehicles, except those for his own private use, and except those hired out."

This section further requires that every person desiring to operate an automobile "as mechanic, employee or for hire," shall within the time therein specified file a statement with the Secretary of State, giving his name, address, and a description of the character of the machine "which he is enabled to operate," and that the Secretary of State, upon being paid a registration fee of $1, shall issue to such person—

"An operator's certificate, properly numbered, stating that such person is registered in accordance with this section, and shall cause the name of such person, with the number of his certificate, to be entered in alphabetical order in a book kept for such purpose. Every person acquiring such a certificate shall, at all times, when operating an automobile, carry such certificate with him."

Section 169a, Laws 1903, p. 1422, c. 625, exempts persons owning or operating automobiles or motor vehicles of any kind, "except such as are used for public hacks, trucks or other vehicles for hire," from obtaining any license or permit from local authorities, and further provides that:

"Every such automobile or motor vehicle shall have the number of the certificate issued under section 166 by the Secretary of State, placed upon the back thereof in a conspicuous place so as to be plainly visible, the number to be in Arabic numerals black on white ground each not less than three inches in height and each stroke to be of width not less than half an inch. A person who shall operate or run any automobile, or motor vehicle upon any highway, public street, park, parkway, driveway or place, without a certificate first had and obtained as herein provided or being the holder of such a certificate shall refuse to exhibit the same on demand to any peace officer, shall be deemed guilty of a misdemeanor, and upon conviction shall be punishable as provided

in section 169b [Laws 1903, p. 1422, c. 625], and any person who shall violate any of the provisions of this statute, or of any speed ordinance adopted pursuant hereto, upon conviction thereof shall, in addition to the penalties provided in section 169b, be further punished first for a first offense by a suspension of his right to run an automobile for a period of not less than two weeks, for a second offense by a suspension of his said right for a period of one month, and for a third offense by a revocation of his said right. A person convicted four times of violating a speed ordinance or ordinances shall thereafter be disqualified and barred from receiving a license certificate."

Section 169b provides, among other things, that a violation of either section 166 or 169a shall be a misdemeanor.

The theory upon which this law has been declared unconstitutional is that it is class legislation, and is in violation of the fourteenth amendment to the federal Constitution. The purpose of the legislation is manifest. The Legislature appreciated the danger to pedestrians, and to people lawfully using the highway with vehicles drawn by animals, from automobiles and motor vehicles. Many of these vehicles are capable of attaining a speed of more than a mile a minute, and weigh several tons. This speed averages approximately the speed of the different classes of railroad trains operated by steam power. It was essential to the safety of the traveling public that the speed of such vehicles should be regulated and limited. It is necessary that the vehicle may be readily identified, to deter the operator from violating the law and the rights of others, and to enforce the laws regulating the speed, and to hold the operator responsible in cases of accident. The Legislature deemed that the best method of identification, both as to the vehicle and the owner or operator, would be by a number on a tag conspicuously attached to the vehicle. In case of any violation of law, this affords means of identification, for from the number the name of the owner may be readily ascertained, and through him the operator. The contention is that manufacturers, and dealers by virtue of the exception contained in section 166, are not only relieved from compliance with that section, but are at liberty to run the machines which they have in stock for sale about the public highways and streets without having a tag with a number attached to the vehicle, as is required of others by section 169a. It is contended that in this view the statute is unconstitutional, for the reason that the law does not operate equally upon all persons similarly situated. In the view we take of the statute, it is unnecessary to decide whether it would be competent for the Legislature to thus discriminate between dealers and manufacturers, on the one hand, and private owners, upon the other, in using automobiles and motor vehicles upon the public roads. It will be observed that manufacturers and dealers are not expressly excepted from the requirement of section 169a that tags with numbers shall be attached to automobiles and motor vehicles in use upon the highways. The statute does not require an interpretation that the Legislature intended to permit manufacturers and dealers to operate automobiles and motor vehicles which they have in stock and for sale upon the public highways. It was evidently deemed unnecessary to require the registration of such vehicles as were held in stock for sale or for repair or on storage in automo-

bile barns and stables. The Legislature assumed that there was little danger to be apprehended that such automobiles and motor vehicles would be used upon the public highways in violation of law, and it therefore dispensed with the registration thereof. It indulged, however, in the rational assumption that private owners became such with a view to using the vehicles; and it required such owner to register his vehicle and obtain a certificate by the owner from the Secretary of State, and attach a tag for identification, realizing that this would be the most accurate method of identifying the machines when in use upon the public ways. Then it prohibited the use of the vehicle in the public streets without such tag. That prohibition is general, and applies to all automobiles and motor vehicles, regardless of the purpose for which they are owned or held. If the manufacturer or dealer wishes to take a vehicle which he has in stock for sale or for repairs or on storage out upon the public streets, and operate it by its own power, he may secure that right by registering it as provided in section 166, and attaching to it a tag with a number thereon corresponding to the certificate. It will be observed that even the manufacturer or dealer is required to register any such vehicle that he holds for his own private use or for hire. If he operates an automobile or motor vehicle upon the streets for the purpose of exhibiting for sale, this would, strictly speaking, be operating it for his private use, and he would not be exempted from a compliance with the provisions of section 166 with respect to the registration of the vehicle, because the vehicle would not be within the exception contained therein. These statutes are susceptible of this construction, and since, if they should be construed as permitting a manufacturer or dealer to operate the vehicles of this class, 'which he holds in stock, upon the highways without a numbered tag, their constitutionality might well be doubted, it is the construction which they should receive.

It follows that the order should be reversed, and the matter should be remitted to the Court of Special Sessions, with directions to proceed according to law. All concur.