### PEOPLE ex rel. HOWE v. HANNA.

#### (City Magistrates' Court of New York City.  August, 1911.)

MUNICIPAL CORPORATIONS (§ 707*)—USE OF STREET—REGULATION—MOTOR VEHICLES.

> Notwithstanding Motor Vehicle Law (Laws 1910, c. 374) § 284, as amended by Laws 1911, c. 491, § 2, authorizing every manufacturer or dealer in motor vehicles to apply for a general distinctive number for all the vehicles owned or controlled by him, but providing that nothing shall be construed to apply to a motor vehicle operated by a manufacturer or dealer for private use or for hire, a manufacturer and dealer, operating a motor vehicle for private business in transporting merchandise from his place of business to a customer, without having a separate number aside from his distinctive number, violates the law, though no charge is made for the delivery.

> [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 707.*]

William Hanna was charged with violating the motor vehicle law, and the city magistrate adjudges that there is probable cause to believe that he is guilty of the crime charged.

F. J. Sullivan, Asst. Dist. Atty., for the People.
William Hanna, pro se.

FRESCHI, City Magistrate.  Officer J. H. Howe issued a summons to William Hanna, the defendant, charging a violation of section 284 of the Motor Vehicle Law, affecting registration of motor vehicles by manufacturers and dealers.  The section reads in part:

> "Every person, firm, association or corporation manufacturing or dealing in motor vehicles may, instead of registering each motor vehicle so manufactured or dealt in, make a verified application for a general distinctive number for all the motor vehicles owned or controlled by such manufacturer or dealer. * * * Such number plate or duplicate thereof shall be displayed by every motor vehicle of such manufacturer or dealer when the same is operated or driven on the public highways. * * * Nothing in this subdivision shall be construed to apply to a motor vehicle operated by a manufacturer or dealer for private use or for hire."

The prosecution charges, and the defendant admits, that on Broadway and Fifty-Fourth street, in the borough of Manhattan, the defendant did on January 24, 1911, operate a vehicle propelled by electricity without a separate registry number issued for that particular motor vehicle.  It seems that the number on the truck is a duplicate of the number issued to Healy & Co., as manufacturers of and dealers in electric vehicles and carriage bodies in the city of New York, that the said vehicle was the property of said Healy & Co., and that this

defendant did operate the same as the employé of that concern. The testimony establishes that defendant operated said motor vehicle in carrying automobile parts and motor vehicle shoes from Healy & Co.'s place of busines to the Automobile Club of America as an accommodation to one of the customers of his employer.

In my opinion the facts charged and proven constitute a violation of section 284 of the Motor Vehicle Law, being Laws 1910, c. 374, as amended by Laws 1911, c. 491, § 2. Each and every car operated by a manufacturer or dealer for his own personal use and pleasure, in no way connected with or relating to the business of manufacturing or dealing in motor vehicles, must have a separate and distinctive number for each motor vehicle so owned and controlled by him. A general distinctive number in all other cases is proper.

The intent of the law is plain. A manufacturer or dealer, who permits a car to be operated for a private use or for hire without having a separate number, aside from the distinctive manufacturer's number, violates the law. Personal use includes anything and everything not incidental to the business of manufacturing or dealing in motor vehicles. The defendant in my opinion was engaged in using and operating the motor vehicle in question for the private business and use of Healy & Co., in that he did transport merchandise from the business place of said firm to one of their customers, and to that extent his acts were in the nature of an express or delivery business. The fact that no charge was made for such delivery does not, in my opinion, alter the case.

I therefore find there is probable cause to believe the defendant guilty of the crime charged.