ANTHONY SHUBA, Appellant, *v.* GEORGE J. GREENDONNER, Respondent.

DONALD BUCHER, Appellant, *v.* GEORGE J. GREENDONNER, Respondent.

LEONARD ZIMMERMAN, Appellant, *v.* GEORGE J. GREEN-DONNER, Respondent.

ANGUS LA LONDE, Appellant, *v.* GEORGE J. GREENDONNER, Respondent.

CARSON BAKER, Appellant, *v.* GEORGE J. GREENDONNER, Respondent.

(Argued April 20, 1936; decided May 19, 1936.)

190

*Daniel Scanlon* for appellants.

*Jesse E. Kingsley* for respondent.

HUBBS, J. Appellants were passengers in a bus being operated upon a highway in this State. A Ford car, registered in the name of respondent in the State of Connecticut and being operated by respondent's son, a

minor over sixteen years of age, collided with the bus and caused injuries to appellants. The respondent's son died as a result of injuries received in the collision. Both respondent and his son were residents of the State of Connecticut.

There is no doubt that respondent intentionally registered the car in his own name with knowledge of the terms of the Connecticut statute hereafter quoted. Moreover, he took out a policy of liability insurance in his name. He was permitted to prove on the trial that the negotiations for the purchase of the car were carried on by his son; that his son paid the purchase price, the license fee, insurance premiums and the other expenses of upkeep. The court charged the jury that proof that the registration was issued in his name was *prima facie* proof of his ownership, but that such proof was subject to rebuttal. It was left to the jury to determine whether the respondent was in fact the owner of the car. The jury rendered a verdict in favor of respondent. It is stipulated upon this appeal that the evidence was sufficient to justify the jury in finding that appellants were guilty of contributory negligence and that respondent's son was free from negligence. The only question, therefore, is whether the trial court was in error under the facts in this case in submitting to the jury the question of ownership of the Ford car.

Section 1561 of the General Statutes of the State of Connecticut provides:

"Sec. 1561. Motor vehicles owned by minors. The commissioner shall not register any motor vehicle owned by any person under sixteen years of age and shall not register any motor vehicle owned by any person between sixteen and twenty-one years of age unless such person shall file proof of financial responsibility in accordance with the provisions of section 1609, together with a certificate signed by either or both of the parents, as the commissioner may require, or the legal guardian of such

person, approving or requesting the registration of such vehicle."

In order to secure registration of a motor vehicle owned by respondent's son, it was necessary, therefore, that he file a certificate of his parents approving such registration and also submit an insurance policy in the amount of $10,000 or other evidence of financial responsibility for a like sum. No attempt was made, however, to so register the car. Respondent testified: " I had the car registered in my name."

One of the important objects of registration of motor vehicles is to facilitate the identification of the owner. (*Stroud* v. *Board of Water Commissioners*, 90 Conn. 412; *People* v. *MacWilliams*, 91 App. Div. 176.)

Another purpose equally important is the protection of the general public using the highways by the elimination of certain classes of operators and by requiring the production of evidence of financial responsibility in the event of injury to others. (Vehicle and Traffic Law art. 6-A [Cons. Laws, ch. 71]. Cf. Conn. Gen. Stat., §§ 1561, 1609.)

" Every provision of the Act which helps to compel the registration of motor-vehicles in the name of their true owner, makes it easier for the public to follow the instrumentality which is so frequent an aid to crime, and for the injured traveler to fasten responsibility for his injury and loss speedily upon him who caused it." (*Kaufman* v. *Hegeman Transfer & Lighterage Terminal, Inc.*, 100 Conn. 114, 121.)

While the car in question was owned by a resident of Connecticut and licensed by that State, the laws of the State of New York are not inapplicable to this situation. No motor vehicle can be operated upon the highways of this State without a registration in some State or nation. A non-resident owner who has complied with the regulations of his own domicile may by virtue of his foreign registration operate a motor vehicle upon our highways. (Vehicle and Traffic Law, § 51.)

The privilege so granted him is co-extensive with the privilege granted in his domicile to residents of this State. When he operates or permits to be operated his motor car upon our highways, he does so not only by virtue of his registration in the foreign State, but by virtue of the provisions of statutes of this State.

We said in *Ferris* v. *Sterling* (214 N. Y. 249) that the registration of a vehicle by a person is *prima facie* evidence of his ownership. Further than that it was not necessary for us to go. In this case it is necessary to consider the question not there presented, whether one who has deliberately caused a car to be registered in his name as owner will be permitted, after it has been involved in an accident and caused injury, to deny the truth of that statement.

Whether we call it an estoppel or whether we decide that the action of the Legislature in regulating the use of such vehicles in this State establishes our public policy, makes no difference in the final result. The Legislature has been very specific in making rules for the purpose of facilitating identification of an owner by the police and the public, fastening responsibility for injuries and requiring evidence of ability to respond in damages to injured persons. The Vehicle and Traffic Law embodies most of these provisions. Under section 11, the owner must make application for registration. He must submit such evidence of ownership as the Commissioner requires. The certificate of registration must be carried in the car and when requested it must be shown to a police officer. The person must furnish any information necessary to identify the vehicle or its owner. The negligence of an operator other than the owner will in certain circumstances be attributable to the owner. (§ 59.) Strict regulations are enacted for the sale of an automobile and the registration thereof by the vendee and for the issuance and limited use of dealer's plates. (§§ 61, 63.) Section 71 regulates the revocation of certificates of registration

by a court in enumerated circumstances, such as certain violations of law, mental or physical disability, persistent violations of the law, gross negligence, etc. Article 6-A provides that certain classes of drivers must submit evidence of financial responsibility. In view of such provisions of our statute, can we say that one who has intentionally registered a vehicle in his own name can, after an accident, prove that he had never owned the vehicle? To allow that would be contrary to our public policy and nullify the statutory regulations.

That this vehicle was registered in another State should make no difference. We are not attempting either to interpret or to enforce the public policy of another State. This vehicle was permitted to operate upon our highways by virtue of our statutes, as our statutes provide that registration obtained in another State makes operation here lawful.

To permit the respondent to relieve himself of liability by proving that he was not in fact the owner of the automobile and thereby establish his illegal and fraudulent act in procuring its registration in his own name would be against public policy and would encourage fraudulent and illegal deceptions on the State in procuring the registration of automobiles in the names of persons who were not the owners thereof, directly in violation of the statute.

In each action the judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to appellants to abide the event.

CRANE, Ch. J., LEHMAN, O'BRIEN, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgments reversed, etc.