ALFRED G. SCHOEN, Respondent, v. BOARD OF EDUCATION OF CAMBRIDGE CENTRAL SCHOOL DISTRICT No. 10 OF THE TOWNS OF WHITE CREEK, CAMBRIDGE, JACKSON, SALEM and EASTON, WASHINGTON COUNTY, and of the TOWN OF SCHAGHTICOKE, RENSSELAER COUNTY, et al., Appellants.

GERHARD A. SCHOEN, an Infant, by ALFRED G. SCHOEN, His Guardian ad Litem, Respondent, v. BOARD OF EDUCATION of CAMBRIDGE CENTRAL SCHOOL DISTRICT No. 10 OF THE TOWNS OF WHITE CREEK, CAMBRIDGE, JACKSON, SALEM AND EASTON, WASHINGTON COUNTY, AND OF THE TOWN OF SCHAGHTICOKE, RENSSELAER COUNTY, et al., Appellants.

Third Department, March 9, 1949.

683

*Miller & Ringwood* for Board of Education of Cambridge Central School No. 10 and Olive W. Noteman, appellants.

*Turner & Murphy* for Emory Butcher and H. Cecil Maynard, appellants.

*Pitt & Skorupski* for respondents.

Brewster, J. Defendants appeal from an order which denied a motion to change the trial of these negligence actions from Rensselaer to Washington County upon the ground that the latter is the proper county.

The only applicable statute is section 182 of the Civil Practice Act, which provides that (except in instances not pertaining here), an action in the Supreme Court must be tried in the county in which one of the parties resided at the commencement thereof.

The actions are brought in Rensselaer County in which none of the parties reside, either now or at their commencement unless it be held that the defendant, board of education, has residence there. That defendant is, by statute, constituted a "body corporate," (Education Law, §§ 1701, 1804). So constituted it has all the "powers and capabilities adapted to it which such entities have at common law or by other statutes." Its liability is corporate and those injured by its neglect "may have an

action against it, and be indemnified out of the funds vested in it by the statute, or which it is impowered thereby to raise." (*Bassett* v. *Fish,* 75 N. Y. 303, 312–313.)

It is the defendant board of education, not the central school district, which it manages, that is the party corporate defendant. Under the statute the venue chosen is an improper county unless such corporate defendant may be deemed to be a " resident " of the town of Schaghticoke, in Rensselaer County, which is but one of the five towns embraced within said defendant's central school district, the other four being in Washington County, where all the other parties reside, and where the cause of action sued upon arose. It is conceded that there are no constitutional or statutory provisions which determine the place or county where such corporate defendant " resides ". It being the corporate body which governs and manages the district, somewhat akin in its functions to a board of directors of a business corporation, it would be rather anomalous to consider it as a resident of each and every township embraced within its central school district. Such would be implicit in upholding respondent's contention. It is more logical to regard the fictional residence of an " ideal person " as at the principal place where it is actively present in the operation of its enterprise.

A general rule, sometimes declared by statute, is that the place of residence of a domestic corporation is at the location of its principal office and/or place of business. (18 C. J. S., Corporations, § 176, subd. b; 19 C. J. S., Corporations, § 1296, p. 976; 13 Am. Jur., Corporations, §§ 148, 1158.) Section 68 of the Civil Practice Act, in marking the jurisdiction of the county courts codifies such a rule, and other statutory approach is found in the requirements as to the content of certificates of incorporation (Stock Corporation Law, § 5, subd. 5; Membership Corporations Law, § 10, subd. 4; and see *Western Transportation Co.* v. *Scheu,* 19 N. Y. 408, 410–411).

The central school of the corporate defendant is located in the town and village of Cambridge in Washington County and plaintiffs allege in their complaints that it is there that it has " its principal place of business ". There being nothing shown to the contrary, such allegation, along with the stated residence of all the other parties, marks Washington County as the proper venue.

In determination of venue for purposes of trial it has quite often been held that a domestic corporation is deemed to have its residence in the county in which it has its principal office or place

of business. (*Carvel Court Realty Co.* v. *Jonas,* 195 App. Div. 662; see, also, *Revere Rubber Co.* v. *Genesee Blue Stone Co.,* 20 App. Div. 166; *Perry* v. *Round Lake Camp Meeting Association,* 22 Hun 293; *Miner* v. *Village of Fredonia,* 27 N. Y. 155, 160.) In *Conroe* v. *National Protection Insurance Co.* (10 How. Prac. 403) plaintiff was a nonresident who sued the defendant corporation on a policy of insurance. He brought suit in Albany County. The defendant's place of business was in Saratoga County and defendant moved to change the place of trial to that county. In giving reasons why necessity demands that a corporation should have a '' residence '', BOCKES, J., determined that the defendant's place of business was its place of residence. He said, '' It has been adjudged, upon principles of justice and equity, that corporations were, in law, to be regarded as persons, citizens, and inhabitants. The same considerations demand that their place of business should be deemed their residence. Thus their rights, privileges, duties, and obligations will closely approximate to those of natural persons, and many perplexities in the administration of justice will be obviated.''

The order should be reversed and the motion granted.

FOSTER, P. J., HEFFERNAN, SANTRY and BERGAN, JJ:, concur.

Order reversed, on the law, and motion granted, without costs.