THE. PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MURIEL NICHOLSON, Defendant.

Court of Special Sessions of the City of New York, New York County, May 12, 1954.

*Frank S. Hogan, District Attorney (Donald A. Hopper* of counsel), for plaintiff.

*William W. Kleinman* for defendant.

HOFFMAN, J. The defendant was charged in an information of three counts with making a false statement in her application for motor vehicle registration, in contravention of subdivision 8 of section 70 of the Vehicle and Traffic Law.

Each count charged the defendant with having falsified, in her application, only the true date of her birth, namely, September 26, 1915 (thirty-seven years), September 6, 1918 (thirty-four years), and September 6, 1914 (thirty-eight years).

So far as this court can find, this is the first case of its kind to be brought here.

All the facts were stipulated, and at the conclusion of the case, the defendant urged that no crime was established under the statute involved.

At the outset, it should be observed that the three counts relate to three separate vehicles, owned by defendant. The registration applications consisted of some *eighteen* specific and separate inquiries, and only *one* is challenged by the prosecution as being false — that of the defendant's birth. It is significant that defendant indicated the same month, and in two

instances the same day. There is, however, no dispute that defendant was over the age of twenty-one years.

Briefly, the applicable provisions of the statute are: (a) Subdivision 8 of section 70 provides that '' Any person knowingly making a false statement in an application for registration * * * shall be guilty of a misdemeanor.'' (b) Section 11-a of the Vehicle and Traffic Law directs, *inter alia,* the commissioner not to issue a certificate of registration to a minor unless the latter has filed an appropriate auto liability policy. (c) While the remaining and relevant provisions of subdivision 1 of section 11 of the Vehicle and Traffic Law clearly calls only for the name, address, business, birth of owner, year and make of vehicle, type, weight, model, serial and engine number, color, etc. Plainly, the age element is only important as requiring proof from applicant that she is not a minor.

The courts have on several occasions held that the primary object of registration of motor vehicles is to facilitate the identification of the owner (see *People* v. *MacWilliams,* 91 App. Div. 176, and *Shuba* v. *Greendonner,* 271 N. Y. 189, 192).

We do not believe that the Legislature intended to condemn a registrant-owner as guilty of a misdemeanor solely because of a misstatement of her age (in the instant case, once as thirty-four, another as thirty-seven, and again as thirty-eight). It may be observed, in passing, that the courts are not unmindful that age, so far as our sisters are concerned, is singularly relative, and gallantry exacts an appreciation and understanding of our lady's age as one of the most gracious virtues in men. We are also reminded that women are permitted to exercise their right of suffrage by merely stating their age as '' over 21! ''.

Any other construction of the statute would also result in serious consequences to the accused under the provisions of section 335-a of the Code of Criminal Procedure, which calls for the revocation of an owner's license following either a guilty plea or a conviction. We are unwilling to believe that such penalties were intended for one who only exaggerated her age between three and four years.

We wish to make it clear, however, that this decision is based solely on the conceded facts involved.

Accordingly, the defendant's motion is granted, and defendant is acquitted.

IMPELLITTERI and MULCAHY, JJ., concur.