■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES TAGGART, Appellant.— Motion by appellant to dispense with printing and for assignment of counsel on purported appeal from order of the Supreme Court, Kings County, entered March 17, 1966 denying his motion for reargument of his application for a writ of error *coram nobis*. Motion denied. The order which defendant seeks to have reviewed is not appealable. (See Code Crim. Pro., § 517.) Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.

## (June 13, 1966)

■ BARRY BERGER et al., Appellants, v. CHARLES SCHATZ, INC., Respondent, et al., Defendants. (And Ten Other Related Actions.) — In 11 consolidated negligence actions to recover damages for personal injuries, loss of services, etc., arising out of a collision between two automobiles, the plaintiffs in five of such actions appeal separately from so much of a judgment of the Supreme Court, Queens County, entered April 19, 1965, as, upon the court's decision at the close of the entire case, dismissed their respective complaints as to defendant Charles Schatz, Inc. Judgment reversed, insofar as appealed from, on the law; appellants' action as against Charles Schatz, Inc., severed and a new trial on all the issues as between said appellants and said corporation ordered, with costs to abide the event. Dismissal of the five complaints as against the defendant corporation was error. It was within the province of the jury to find that the corporation had never transferred ownership of the car to Lila Schatz, under the proof which showed only that she applied for and acquired liability insurance, but which failed to show that a transfer of title was ever accomplished pursuant even to informal agreement or that delivery of the car was made. No application for registration by Lila Schatz was ever made. So far as appears there was never any ratification by the husband of Lila Schatz of his execution in blank of the transfer portion of the registration certificate subsequently filled in by a third party. The jury could find that the presumption of ownership by the corporation was not rebutted. So, too, it was for the jury to determine whether the license plates which were on the automobile at the time of the accident, pursuant to registration of the corporation, were suffered to remain after the purported transfer. If so, the corporation is estopped from denying its ownership of the car (*Shuba* v. *Greendonner*, 271 N. Y. 189). If the jury finds for the appellants on the issue of ownership, it may serve to avoid future troublesome litigation to know the precise ground on which it acted (cf. *Phoenix Ins. Co.* v. *Guthiel*, 2 N Y 2d 584; *Mason* v. *Allstate Ins. Co.*, 12 A D 2d 138). It was for the jury to determine whether the license plates were removed and surreptitiously replaced. Beldock, P. J., Ughetta, Brennan, Hopkins and Benjamin, JJ., concur.