OPINION OF THE COURT
Lester Forest, J.
Defendant is charged with a violation of subdivision 8 of section 415 of the Vehicle and Traffic Law which is concerned with the use of “number plates” by transporters or dealers.
At the trial the defendant, represented by counsel, stipulated orally to the court that all the facts were as set forth in the “information”. The simplified traffic information states, inter alia, “misuse of dealers reg plates on mv (for personal use)”. It was agreed by defendant’s counsel that the only issue before the court was whether defendant’s personal use of the vehicle after business hours was permissible.
The defendant contends that, as a matter of law, a vehicle designated by a dealer for sale or demonstration purposes with dealer number plates thereon may be operated after business hours for the personal use of the dealer who owns or controls such vehicle and that no case law states to the contrary. The defendant also submits that it is a common practice among dealers to operate a vehicle, held for sale or demonstration, after business hours for the personal use of family and/or employees.
*78 The People cite only one court decision in support of a conviction herein. The Motor Vehicle Bureau has advised the court that there are some 60,000 dealer number plates annually issued throughout the State of New York.
The issue before the court appears to be of some widespread concern and warrants a full, in-depth analysis.
With the advent of the automobile, the Highway Law of 1890 was amended in 1901 to provide in section 166 for automobile registration; the last sentence reads: “This section shall not apply to a person manufacturing or dealing in automobiles or motor vehicles, except those for his own private use.” (L 1901, ch 531.) In 1903 the provision was amended with the addition of “and except those hired out.” (L 1903, ch 625.)
In 1904 the Appellate Division, First Department, reviewed the statute in People v MacWilliams (91 App Div 176, 180-181) and stated: “The statute does not require an interpretation that the Legislature intended to permit manufacturers and dealers to operate automobiles and motor vehicles, which they have in stock and for sale, upon the public highways. It was evidently deemed unnecessary to require the registration of such vehicles as were held in stock for sale or for repair or on storage in automobile barns and stables. The Legislature assumed that there was little danger to be apprehended that such automobiles and motor vehicles would be used upon the public highways in violation of law, and it, therefore, dispensed with the registration thereof. It indulged, however, in the rational assumption that private owners became such with a view to using the vehicles, and it required such an owner to register his vehicle and obtain a certificate from the Secretary of State and attach a tag for identification, realizing that this would be the most accurate method of identifying the machines when in use upon the public ways. Then it prohibited the use of the vehicle in the public streets without such tag. That prohibition is general, and applies to all automobiles and motor vehicles regardless of the purpose for which they are owned or held. If the manufacturer or dealer wishes to take a vehicle which he has in stock for sale or for repairs or on storage out upon the public streets and operate it by its own power, he may *79 secure that right by registering it as provided in section 166 and attaching to it a tag with a number thereon corresponding to the certificate. It will be observed that even the manufacturer or dealer is required to register any such vehicle that he holds for his own private use or for hire. If he operates an automobile or motor vehicle upon the streets for the purpose of exhibiting for sale this would, strictly speaking, be operating it for his private use and he would not be exempted from a compliance with the provisions of section 166 with respect to the registration of the vehicle because the vehicle would not be within the exception contained therein.”
The Highway Law was amended in 1910 separating the motor vehicle provisions from the rest of the statute, and section 284 of the Highway Law provided for dealers’ registration of their vehicles and concluded with: “Nothing in this subdivision shall be construed to apply to a motor vehicle operated by a manufacturer or dealer for private use or for hire.” (L 1910, ch 374.)
In 1915 the Attorney-General rendered an opinion (1915 Opns Atty Gen 207) in response to the question: “Can a dealer operate his car or cars for private use under his dealer’s license?” The Attorney-General responded (p 209):
“The law, previous to its amendment in 1910 did not require dealers to have tags or plates for automobiles merely kept in stock; still, the former statute was construed as requiring the marking of dealers’ cars when actually operated. (People v. MacWilliams, First Dept, 1904, 91 App. Div. 176.) Evidently to avoid the difficulties of that case, the amendment provided for dealers’ registration at fifteen dollars, with provision for duplicate plates at a small price. (Sec. 284.) It properly follows, therefore, the phrase ‘nothing in this subdivision shall be construed to apply to a motor vehicle operated for private use or for hire’ means that when the preferred classes of manufacturers and dealers do operate for private use or for hire, they must comply with the additional requirements for ordinary owners’ registration and for which regular fees are charged. This was the construction evidently adopted by the Appellate Division in construing a provision similar to that above quoted contained in the former law. (People v. *80 MacWilliams, supra; see also 1910 Attorney General’s Report, 427, construing the provision as a privilege.)
“The use of dealers’ plates in the operation by a dealer or his agents of his automobiles for private use or for hire is, therefore, prohibited.”
In 1911, the court in People ex rel. Howe v Hanna (136 NYS 162, 163) had construed the same provision in the same manner as the Attorney-General:
“Each and every car operated by a manufacturer or dealer for his own personal use and pleasure, in no way connected with or relating to the business of manufacturing or dealing in motor vehicles, must have a separate and distinctive number for each motor vehicle so owned and controlled by him * * *
“The intent of the law is plain. A manufacturer or dealer, who permits a car to be operated for a private use or for hire without having a separate number, aside from the distinctive manufacturer’s number, violates the law. Personal use includes anything and everything not incidental to the business of manufacturing or dealing in motor vehicles.”
In the ensuing years the statutory language pertaining to the use of dealer’s number plates was exposed to the drafting styles of the various personnel engaged in that calling, but in essence, this court finds no relaxation of the restrictive intent as to personal use.
As the automobile industry grew, the Vehicle and Traffic Law was in continuous flux. By 1936 the section dealing with dealers’ plates had become section 62 and subdivision 3 thereof dealt with their “use”. (L 1936, ch 260.) The Appellate Division, Second Department, in People v Christensen & Weiss (250 App Div 470, 473) held: “Section 62 of the Vehicle and Traffic Law is to be construed in a reasonable way. If, as an incident to demonstration, the use to which the vehicle is put is in furtherance of the customer’s business, I am of opinion that the use of dealer’s plates is legal. But, on the other hand, when the vehicle is not being used for demonstration purposes, but for ordinary commercial purposes, then dealer’s plates may not be used.”
*81 Because surveys had shown that “less than 50% of those persons engaged in buying and selling motor vehicles have registered” for dealer’s plates and were thereby avoiding compliance with section 64 of the Vehicle and Traffic Law, which required a written certification on the sale of used cars that the brakes, lights and signaling device thereon complies with the Vehicle and Traffic Law, in 1946, section 62 of the Vehicle and Traffic Law was amended to provide for “Compulsory registration for those persons engaged in the business of buying and selling motor vehicles as a dealer” (NY Legis Ann, 1946, p 265). (How far the Legislature had come from its “assumption” that there was little danger of dealer automobiles being used on public highways in 1901 in violation of the law!) The language used in 1946 was, in substance, the precursor of what is in effect today.
In 1952, in Two Bros. Motors v Blackburn (109 NYS2d 693, 695, revd on other grounds 112 NYS2d 501), the dealer usage language was thoroughly analyzed and the court held that “dealer number plates may only be used for a limited purpose * * * when being used in connection with or in furtherance of the owner’s business as a dealer.”
On the conceded facts — that the defendant was using subject vehicle with dealer’s plates after business hours and for personal use — this court must find whether such use is permitted in the present language of section 415 of the Vehicle and Traffic Law which states:
“4. Number plates. A dealer or other person, qualifying for limited use of motor vehicles * * * shall be entitled to receive one or more sets of number plates for display thereon as the commissioner may determine * * *
“8. Use. Transporter number plates issued under this section shall be used only for the limited operation of vehicles owned or controlled by the registrant for the purpose of * * *
“dealer number plates issued under this section may be used for all purposes for which transporter plates may be used and, in addition, may be used for the operation of any vehicle owned or controlled by the registrant and held for sale or demonstration, except”. (Emphasis added.)
*82 Said subdivision 4 of section 415 of the Vehicle and Traffic Law characterizes the dealer use as a limited use, and this is consistent with the historical development of the registration of automobiles.
The subparagraph concerning “dealer number plates” in subdivision 8 of section 415 of the Vehicle and Traffic Law is by specific language tied in with “transporter” uses, and “[transporter number plates” may be used only for the “limited operation of vehicles”. Dealers, however, are permitted an additional use, that is, for “sale or demonstration”, but that use is still a “limited operation” and it is within the “limited use” of subdivision 4 of section 415 of the Vehicle and Traffic Law for which a dealer qualifies in order to obtain his number plates.
Certain limited uses from time to time were added by the Legislature for the benefit of dealers as the industry grew, e.g., for the purpose of moving a dealer’s vehicle to accomplish repairs, body work, painting or improvements, and even “a commercial or suburban type vehicle” could be used with dealer plates where it is “directly affecting the sale or demonstration of that particular vehicle.” (Vehicle and Traffic Law, § 415, subd 8.)
But the expansion of such limited uses for dealers is not, and never was, in the direction of including personal purposes or uses.
It is abundantly clear that the personal use by the defendant in the instant case was not in furtherance of the dealer’s business or incident to a sale or demonstration. Therefore, there was a violation of subdivision 8 of section 415 of the Vehicle and Traffic Law by the defendant herein, and the defendant is found guilty as charged.
Accordingly, the defendant is directed to submit the portion of the operator’s license whereon prior convictions are listed within one week from the receipt óf a copy of this decision. The court will impose sentence within one week after receipt of same.