LILLIAN REESE, Appellant, *v.* FLOYD E. REAMORE, Respondent, et al., Defendants.

Argued January 6, 1944; decided April 13, 1944.

*Edwin J. Mizen* and *James H. Horan* for appellant. The trial court properly withheld from defendant-respondent the benefit of his defense of ownership of the automobile by Peltier and it was error for the Appellate Division to reverse the judgment of the trial court. (*Ferris* v. *Sterling,* 214 N. Y. 249; *Buono* v. *Stewart Motor Trucks, Inc.,* 261 App. Div. 1095;

*Longley* v. *Coons,* 244 App. Div. 391, 268 N. Y. 712; *Noble* v. *City of Palo Alto,* 89 Cal. App. 47; *Allen* v. *Ennis,* 253 App. Div. 769, 279 N. Y. 578; *Shuba* v. *Greendonner,* 271 N. Y. 189; *Good-year* v. *Brown,* 155 Penn. St. 514; *Gumbel* v. *Pitkin,* 124 U. S. 131; *Seneca Co. Bank* v. *Lamb,* 26 Barb. 595; *Veazey* v. *Allen,* 173 N. Y. 359; *Attridge* v. *Pembroke,* 235 App. Div. 101; *Coverly* v. *Terminal Warehouse Co.,* 85 App. Div. 488; *Sturm* v. *Truby,* 245 App. Div. 358.)

*Leonard H. Amdursky, Edward A. Wolff* and *Robert G. Iles* for respondent. I. The trial court correctly decided and found that Peltier, not the respondent, was the sole and actual owner of the car at the time of the accident. This has been affirmed by the Appellate Division and there is overwhelming evidence to support the finding and its affirmance. (*Ferris* v. *Sterling,* 214 N. Y. 249; *Potts* v. *Pardee,* 220 N. Y. 431; *St. Andrassy* v. *Mooney,* 262 N. Y. 368; *Rathfelder* v. *Flagg,* 257 App. Div. 71, 282 N. Y. 563.) II. There was no evidence that defendant-respondent consented to the use of a set of his dealer's plates on the Peltier car at the time of the accident. (*Underhill* v. *Major,* 220 App. Div. 173.) III. Even if respondent should have known that Peltier was wrongfully using his plates, or even if he did violate some rule or regulation in reference to the loaning of dealer's plates, still, Ackley's negligence could not be imputed to him as a matter of law. (*Klinkenstein* v. *Third Avenue Ry. Co.,* 246 N. Y. 327; *Corbett* v. *Scott,* 243 N. Y. 63; *Clark* v. *Doolittle,* 205 App. Div. 697; *Brown* v. *Shyne,* 242 N. Y. 176; *Audubon Transportation Co.* v. *Yonkers Railroad Co.,* 126 Misc. 180; *Buono* v. *Stewart Motor Trucks, Inc.,* 261 App. Div. 1095, 263 App. Div. 969; *Rathfelder* v. *Flagg,* 257 App. Div. 71, 282 N. Y. 563; *Worsham Buick Co.* v. *Isaacs,* 51 S. W. 2d 277.)

THACHER, J. On June 30, 1939, in the village of Camden, New York, a collision occurred between a Chevrolet sedan owned by William J. Peltier, which was driven by the defendant John S. Ackley, and a Hudson automobile owned and driven by plaintiff's husband in which plaintiff was a passenger.

The defendant Reamore, an automobile dealer, had sold the Chevrolet to Peltier some weeks before the accident and had allowed him to use his dealer's plates over a period of more

than seven weeks, contrary to the provisions of the Vehicle and Traffic Law, section 63. These plates were attached to the Chevrolet at the time of the accident.

The case was tried without a jury and findings of fact were made by the Trial Justice. The facts thus found were, among others, that the accident was caused by the negligence of Ackley and that the plaintiff was free from contributory negligence; that the Chevrolet automobile was taken in trade by defendant Reamore in April, 1939, and sold to Peltier, a mechanic working in Reamore's garage, who was the sole and actual owner of the Chevrolet at the time of the accident; that at the time of the accident this car was being driven by the defendant Ackley with the permission and consent of Peltier; that at all times between May 10, 1939, and June 30, 1939, the defendant Reamore knew that Peltier was driving the Chevrolet upon the public highways and making use of the defendant Reamore's dealer's plates for that purpose, and that Reamore consented to such use of the car with his plates thereon. It was further found that the defendant Ackley was a stranger and unknown to the defendant Reamore and that he was driving the Chevrolet " without the express knowledge or consent of the defendant Reamore ". It was found that Ackley was driving the car with the express permission of Peltier. That he was driving with the implied permission of Reamore appears from the fact that Reamore permitted Peltier to do what he pleased with the car bearing his dealer's plates. (*Jackson* v. *Brown & Kleinhenz, Inc.*, 273 N. Y. 365.)

The Trial Justice found in favor of the plaintiff and rendered judgment in her favor for $3,300 against the defendants Reamore and Ackley, holding that the accident and injuries to the plaintiff were caused by the negligence of the defendant Ackley; that by reason of his violation of the statute and regulations the defendant Reamore was estopped from denying ownership of the Chevrolet sedan operated by Ackley; that he, having transferred to Peltier all rights and privileges of ownership and control, gave him *carte blanche* to use the car in any manner, including loaning it to Ackley, and thereby, under section 59 of the Vehicle and Traffic Law, was responsible for the negligence of the latter and liable to plaintiff for the damages she sustained. The judgment for plaintiff was reversed

in the Appellate Division, where it was held that an automobile dealer who permits use of his dealer's license plates without complying with the statute is not estopped from denying that he is the owner of the vehicle on which the plates are displayed. In reversing the judgment the Appellate Division examined and approved the findings of the Trial Justice.

In *Shuba* v. *Greendonner* (271 N. Y. 189) it was held that a defendant in a suit for personal injuries who had deliberately caused a motor vehicle to be registered in his name as owner would not be permitted to relieve himself of liability by proving that he was not in fact the owner of the automobile involved in the collision. That decision went upon the ground that it would be against public policy to permit one thus to assert his illegal and fraudulent act, which was directly in violation of the statute, in order to avoid the owner's liability imposed by section 59. In principle we see no distinction between the false registration of a motor vehicle in the name of one who is not the owner and the illegal use of dealer's plates with the approval and acquiescence of the dealer himself. Indeed, the care with which the statute limits the right to use such plates indicates that this case falls clearly within the principle of *Shuba* v. *Greendonner* (*supra*). It was said in that case (p. 193): " The Legislature has been very specific in making rules for the purpose of facilitating identification of an owner by the police and the public, fastening responsibility for injuries and requiring evidence of ability to respond in damages to injured persons. The Vehicle and Traffic Law embodies most of these provisions. Under section 11, the owner must make application for registration. He must submit such evidence of ownership as the Commissioner requires. The certificate of registration must be carried in the car and when requested it must be shown to a police officer. The person must furnish any information necessary to identify the vehicle or its owner. The negligence of an operator other than the owner will in certain circumstances be attributable to the owner. (§ 59.) Strict regulations are enacted for the sale of an automobile and the registration thereof by the vendee and for the issuance and limited use of dealer's plates. (§§ 61, 63.) Section 71 regulates the revocation of certificates of registration by a court in enumerated circumstances, such as certain violations of law, mental or

physical disability, persistent violations of the law, gross negligence, etc. Article 6-A provides that certain classes of drivers must submit evidence of financial responsibility.''·

The limited use of dealer's plates authorized by section 63 is surrounded by safeguards which were ignored in this case. One of these safeguards is that a proper application for registration and number plates for a vehicle sold by the dealer shall be mailed or presented to the Commissioner or his agent, accompanied with the payment of the required fee, within twenty-four hours after the purchaser has taken possession of the car, and under rules promulgated by the Commissioner the dealer himself is required to withhold permission to use his plates unless he has received from the purchaser an application for registration of the vehicle with the proper registration fee. In this case no application or accompanying fee was received by the dealer or by the Commissioner or his agent. The reason for loaning the plates was that Peltier, the purchaser, was financially unable to pay the fee and desired to postpone payment thereof until July 1st, when he would have to pay a fee for only half a year.

An express provision of the statute requires that a dealer who sells a motor vehicle shall not deliver or permit to be taken by the vendee any of his plates without first mailing to the Commissioner a verified statement on a blank to be furnished by him, in such form as he shall determine. The dealer in this case mailed no such statement to the Commissioner until twelve days after the sale and even then failed to state that any plates had been loaned. The statute also requires that the dealer shall immediately notify the Commissioner if the number plates are not returned within the five days permitted for their use. There was no compliance with this provision of the statute.

The basis of decision in this case, as in *Shuba* v. *Greendonner* (*supra*) is that one who has deliberately violated the laws which require accurate identification of the owners of motor vehicles operating on the highways through the use of number plates and a system of registration may not avoid liability for the negligent operation of vehicles registered in their names or identified by their license plates by denying the truth of their false representations of ownership deliberately made either by false registration or by illegal use of their plates. Where the

dealer complies with the simple and explicit requirements of the statute authorizing the use of his plates by others, or where the plates are used by others without his permission, express or implied, this principle has no application. (*Rathfelder* v. *Flag,* 257 App. Div. 71, affd. 282 N. Y. 563; *Wyka* v. *L. A. D. Motors Corp.,* 264. App. Div. 890, leave to appeal denied, 289 N. Y. 856; *Le Roy* v. *Tremper,* 267 App. Div. 387, leave to appeal denied, 292 N. Y. 646, decided herewith.) If, however, the dealer permits the use of his plates in deliberate violation of the statute, then the situation is precisely equivalent to the false registration involved in *Shuba* v. *Greendonner* (*supra*) and he may not deny his ownership which he has falsely evidenced by permitting the unlawful use of his plates by another. Any other rule would be against public policy, would encourage fraudulent and illegal deceptions on those engaged in enforcing the traffic laws of the State and deprive the public of the protection which these laws are intended to extend to those using the public highways.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment accordingly.