FRANCES E. SWITZER, Individually and as Administratrix of the Estate of CHARLES SWITZER, Deceased, Appellant-Respondent, v. LESTER ALDRICH, Appellant, and WARREN STIKER, Respondent.— Appeals from judgments of the Supreme Court, Schuyler County, in favor of plaintiff against defendant Aldrich and in favor of defendant Stiker against the plaintiff, dismissing the complaint as to last-named defendant. The plaintiff's intestate was killed on November 24, 1950, as the result of being struck by an automobile truck owned and operated by the defendant Aldrich. The proof justified the inference by the jury that the defendant Aldrich had failed to maintain a proper lookout and had negligently driven off the highway onto the shoulder of the road where the intestate and his companions were standing. The issue of contributory negligence was also for the jury. The defendant Stiker is sought to be held liable upon the ground that at the time of the accident the truck bore dealer's number plates issued to him. Stiker was an automobile dealer, duly registered as such, who had the right to lend the use of his plates to purchasers of automobiles for five days, subject to the provisions of section 63 of the Vehicle and Traffic Law and the commissioner's regulations. Aldrich had bought the truck on November 20, 1950, and the dealer's plates were lent to him upon the understanding that they would be returned within five days. A duplicate of the certificate of sale, containing a statement that the plates had been so lent, was mailed to the commissioner on November 22, 1950. Although the statute required that this statement be mailed to the commissioner before the plates were lent, we find that the two-day delay was due to ignorance or inadvertence and was not due to any scheme or conspiracy to deceive the Bureau of Motor Vehicles or the public. So far as the public was concerned, the effect of the violation was cured by the late mailing, prior to the occurrence of the accident. The accident occurred on November 24, 1950, within the five-day period allowed for the loan of dealer's plates. Under the circumstances, we find that there was substantial compliance with the statute and regulations by the dealer and that he is not estopped from showing that he was not the owner of the truck at the time of the accident. The public interest in the ready identification of the owner of the vehicle was adequately protected by the statement mailed to the commissioner two days before the accident. *Reese* v. *Reamore* (292 N. Y. 292) is distinguishable. There the dealer and the purchaser had entered into an illegal conspiracy to allow the purchaser to use the dealer's plate for several weeks in order to enable the purchaser to obtain license plates later at half price. The accident occurred fifty-one days after the sale; the dealer had not notified the commissioner of the loan of the plates and had not reported the purchaser's failure to return them after five days, as required by the statute. Furthermore, at the time of the accident giving rise to the *Reese* case, the commissioner's regulations required the dealer to obtain an application for registration from the purchaser, together with the registration fee, before lending his plates; that regulation was not in force at the time of the accident in this case. The Trial Justice correctly dismissed the complaint as to the defendant Stiker. Judgment unanimously affirmed, with costs to the plaintiff-respondent against Lester Aldrich, defendant-appellant. Judgment for defendant-respondent Stiker unanimously affirmed, without costs. Present — Foster, P. J., Heffernan, Bergan, Coon and Halpern, JJ. [See *post,* p. 930.]