■ FRANCES E. SWITZER, as Administratrix of the Estate of CHARLES SWITZER, Deceased, Plaintiff, v. MERCHANTS MUTUAL CASUALTY COMPANY, Defendant.— Submission of controversy under sections 546 to 548 of the Civil Practice Act. The action is submitted on stipulated facts. Plaintiff's intestate was killed in an accident November 24, 1950, in which a Ford panel truck driven by Lester Aldrich was involved. The truck had been sold on November 20th by Warren G. Stiker, an automobile dealer, to Lester Aldrich and another. At the time of the sale of the truck Aldrich, as purchaser, had been permitted by Stiker to use his dealer's plates on the truck; and these plates were being used when the accident of November 24th occurred. The statute permitting the use for five days of dealer's plates by a purchaser (Vehicle and Traffic Law, § 63) was not complied with by Stiker or by Aldrich. Stiker was required to mail a statement to the Commissioner of Motor Vehicles that he had permitted use of the dealer's plates before he allowed their use; Aldrich was required within 24 hours to mail or present application for registration of the purchased vehicle. Neither was done on time, although Stiker mailed the statement required by statute on November 22d before the accident occurred. This court affirmed a judgment of Trial Term dismissing plaintiff's complaint against Stiker (*Switzer* v. *Aldrich,* 281 App. Div. 730) and the judgment was reversed in the Court of Appeals (307 N. Y. 56) on the ground that Stiker, having loaned the license plates without conforming to the statute, was estopped from denying ownership of the truck he had sold. A judgment was entered against Aldrich after trial and was affirmed here. The action of plaintiff against Stiker is still pending in view of the reversal in the Court of Appeals, and it is conceded on the argument that defendant is responsible for any judgment which may be recovered against Stiker. The question presented is whether the insurance company is also responsible for the judgment against Aldrich which was affirmed here on appeal and which was not appealed to the Court of Appeals. In the omnibus coverage clause of the policy, the insurance company agreed to indemnify any person held liable for the use of any vehicle owned by Stiker driven with his consent. The use by Aldrich of the truck he had bought does not come within this clause of the policy. The title had passed and the purchaser had the absolute right to use the truck as against the seller.
■

The driving of Aldrich's own truck by himself does not come within the coverage. Judgment for the defendant, without costs. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur. [See *post*, p. 869.]