Sidney A. Fine, J.
The motion for reargument is denied. Plaintiff claims that until May, 1954, when the Court of Appeals (307 N. Y. 56) reversed the decision in Switzer v. Aldrich (281 App. Div. 730 [Dec., 1952]), the law of this State had been that a dealer was not liable for an accident caused by the operator of a car using the dealer’s registration plates without compliance with the law governing the loan of such plates. Plaintiff contends that at the time of the accident, June 26,1954, insufficient time had elapsed for it or the dealer to become aware of the Court of Appeals reversal. The difficulty with plaintiff’s contention is that a dealer’s liability for an accident caused by an automobile bearing license plates loaned by the dealer, without compliance with the laws governing such a loan, had been definitely established by the Court of Appeals’ decision in Reese v. Reamore (292 N. Y. 292) decided in 1944. In reversing Switzer v. Aldrich (supra) a contrary decision of the Appellate Division, the Court of Appeals held that (p. 61) “ the rule we enunciated in the Reese case {supra, pp. 296-297) is clearly applicable ”, viz.: (quoting from the Reese case) “ If, however, the dealer permits the use of his plates in deliberate violation of the statute, then * * * he may not deny his ownership which he has falsely evidenced by permitting the unlawful use of his plates by another.” The law in existence at the time of the accident was that laid down in the Reese case about 10 years earlier, not that expressed by the Appellate Division, a lower court, in the Switzer case.
Plaintiff also claims that it did not know until the Court of Appeals had decided Switzer v. Merchants Mut. Cas. Co. (2 N Y 2d 575) in 1957, that the dealer’s liability for the accident was embraced within the coverage of the policy issued to the dealer by defendant. Since the dealer knew of the accident and was chargeable with knowledge that it might be held liable therefor, it was required to notify its insurer even if it was doubtful that the policy was broad enough to cover its possible liability. To hold otherwise would mean that the dealer was not obliged to give notice to its insurer until it had become aware, through a judicial holding, that its liability was within the coverage of its policy. Such a holding might not be made for years. In the case at bar, it was not made until almost three years after the accident. The requirement of the policy for notice “as soon as practicable ” cannot reasonably be construed as extending the insured’s time to give notice until the handing down of a judicial decision that the language of the policy is broad enough to cover the insured’s liability for the accident.