14 N.Y.2d 380 (1964)
Greyhound Corporation, Respondent,
v.
General Accident Fire and Life Assurance Corp., Ltd., Appellant.
Court of Appeals of the State of New York.
Argued April 27, 1964.
Decided July 10, 1964.
Milton Zwisohn and Barnett J. Nova for appellant.
Clarence E. Mellen and James J. McIntosh, Jr., for respondent.
Opinion by Judge VAN VOORHIS in which Judge SCILEPPI concurs; Chief Judge DESMOND and Judges FULD and BURKE concur for reversal with respect to the assigned claims of Thomas, Demarest and Eimess but dissent and vote also to dismiss the entire complaint in an opinion by Judge FULD in which Chief Judge DESMOND and Judge BURKE concur; Judges DYE and BERGAN concur for affirmance regarding that part of the complaint based on the Young judgment but dissent and vote to affirm the denial of the motion for summary judgment in all respects in an opinion by Judge DYE in which Judge BERGAN concurs.
*384 VAN VOORHIS, J.
This is an action under section 167 of the Insurance Law to recover by reason of personal injuries sustained by four passengers in a collision between a bus and a motor truck. One of these passengers, named Young, obtained a judgment against Central Greyhound Lines, Inc., and Dorp Motors, Inc., as joint tort-feasors, paid by Central, which procured a judgment for contribution against Dorp under section 211-a of the Civil Practice Act (now CPLR 1401). That is one of the items for which plaintiff sues Dorp's insurance carrier in this action. The other three passengers, named Thomas, Demarest and Eimess, likewise sued Central and Dorp, but the judgment which they obtained against both was reversed on appeal as against Central. The reversal did not exonerate Central from liability to these passengers, however, inasmuch as a new trial was granted. Dorp did not appeal; consequently the judgment in favor of the passengers remained against Dorp while Central awaited a new trial. At that point Central settled with these passengers, taking releases from them of any liability of Central as a joint tort-feasor of Dorp, and assignments of their judgment against Dorp. Plaintiff-respondent has succeeded by merger to the rights and liabilities of Central. In addition to suing Dorp's insurance carrier on the Young judgment based on contribution under section 211-a of the Civil Practice Act, this action is also brought to recover in the right of the three last-named injured passengers whose judgment against Dorp was assigned to plaintiff-respondent as part of the settlement which Central made with them. The transfer of these three claims rests on a different footing from the Young judgment in view of the previous reversal of their judgment against Central. Central paid the Young judgment while it was in effect against Central and Dorp. The other passengers were paid while they had judgment against Dorp only. In the Young case, contribution between joint tort-feasors was enforced pursuant to section *385 211-a of the Civil Practice Act; in the cases of the other passengers, contribution or indemnity is proposed to be enforced without the aid of that section.
Plaintiff, having merged with Central, stands in its shoes and is, in effect, asserting an alleged liability of Dorp to it as a joint tort-feasor. The settlement with these three passengers in the bus was to discharge Central from liability as a joint tort-feasor with Dorp and, for the purposes of this action, plaintiff must be deemed to have been a joint tort-feasor. If this action may be maintained as assignees of those three passengers, it signifies that, in spite of the common-law rule against contribution between joint tort-feasors (Baidach v. Togut, 7 N Y 2d 128) and the limited right of contribution permitted by former section 211-a of the Civil Practice Act, contribution can be accomplished by one joint tort-feasor's settling with the injured party where the latter has a judgment against the other if an assignment is taken of the judgment against the other joint tort-feasor. This, in our view, is not authorized by former section 211-a of the Civil Practice Act and, therefore, cannot be permitted.
Notice was not given to the insurance company (by Dorp) until October 11, 1954  some 105 days after the accident. Ordinarily that would be so great a lapse of time as to constitute as matter of law a violation of the condition in the policy that written notice of the accident shall be given to the insurance carrier "as soon as practicable". Here, however, the truck which collided with the bus was not owned at the time of the accident by Dorp which had allowed its license plates to go to the purchasers with the truck. Less than five days after Dorp had sold the truck, the accident occurred. A dealer was permitted by statute to allow the use of dealer plates under these circumstances for a period of five days, subject to certain other conditions, provided that he mails to the Commissioner of Motor Vehicles a verified statement of the transaction before delivering the vehicle to the vendee (Vehicle and Traffic Law, former § 63, now § 416). That was omitted in this instance, as it was by the dealer in Switzer v. Aldrich (307 N.Y. 56), where the accident likewise happened before the expiration of five days. This was not a Reese v. Reamore (292 N.Y. 292) situation, where the dealer and the purchaser had entered into an illegal conspiracy *386 to allow the purchaser to use the dealer's plates to enable the purchaser to obtain license plates later at half price, and the accident occurred 51 days after the sale with no effort on the part of anyone to comply with the requirements of the statute. Here the plates were loaned merely to enable the purchasers to have the truck weighed so that the purchasers could get a license which could only be obtained after getting a weight slip. Three times in two days before the accident, which happened on the third day, Dorp endeavored to recover the dealer's plates but did not succeed in finding the purchasers. The facts in this case resemble those in Switzer v. Aldrich more than Reese v. Reamore. The question of liability, under such circumstances, was so questionable that the complaint in Switzer v. Aldrich was unanimously dismissed by the Appellate Division, Third Department, in a memorandum opinion which expressly distinguished Reese v. Reamore. Until this court reversed (Switzer v. Aldrich, 307 N.Y. 56) on May 20, 1954, it was not unreasonable to believe that there was no liability of Dorp under the facts presented and notwithstanding the decision in Reese v. Reamore in 1944. Switzer v. Aldrich had been decided in this court almost immediately before the accident in suit occurred. In Gluck v. London & Lancashire Ind. Co. (2 N Y 2d 953) we held that a question of fact was created concerning whether a delay in giving notice of about four and one-half months after the accident was excused on account of lack of knowledge of the insured of the existence of liability of insurer. The facts regarding insurance coverage in the Gluck case were undisputed, so that the uncertainty concerning liability of the carrier arose in regard to a question of law. Countenancing delay on account of uncertainty concerning primary liability or insurance coverage should be indulged sparingly by the courts, but under the circumstances presented here we agree with the Appellate Division that a question was presented for the trier of the fact whether notice was given within the terms of the policy as soon as practicable. (See Lauritano v. American Fid. Fire Ins. Co., 3 A D 2d 564, affd. 4 N Y 2d 1028; Brennan v. Travelers Ins. Co., 295 N.Y. 849.)
The order appealed from should be modified by dismissing so much of the cause of action as is based on the assignment to plaintiff of the claims and judgment against Dorp of Margaret Claire Thomas, Albert Demarest and Jean Eimess. Insofar as *387 the recovery is based on contribution by Dorp pursuant to section 211-a of the Civil Practice Act on the judgment of Amanda Young, the order should be affirmed. The first question certified should be answered in the negative and the second question certified answered in the affirmative.
FULD, J. (concurring in part).
I would dismiss the complaint in its entirety. I agree with the court that, as to the assignments from three of the four injured parties (Thomas, Demarest and Eimess), the plaintiff has no right, pursuant to the provisions of section 167 (subd. 7, par. [c]) of the Insurance Law, to maintain this action as their assignee. However, I believe that the delay in giving notice of the accident to the defendant insurance company bars the action not only as to the plaintiff's claim based on those assignments but also as to its claim to enforce the judgment of contribution obtained by its predecessor, Central, following the action by the other injured person (Amanda Young).
The insured, Dorp Motors, is an automobile dealer. By explicit provision of statute, a dealer who sells a motor vehicle is prohibited from delivering to the purchaser, for use on that vehicle, its dealer's license plates "without first mailing" to the Commissioner of Motor Vehicles "a verified statement" indicating such fact (Vehicle and Traffic Law, former § 63, now § 416). In the present case, the insured, although it sold and delivered the truck to the purchaser with its dealer's plates attached, admittedly failed to comply with this statutory requirement.
The insurance policy issued by the defendant, and on which the plaintiff sues, provides that written notice of an accident is to be given to the insurer "as soon as practicable". Although the insured learned of the accident almost immediately after it had occurred, neither it nor anyone else gave the defendant insurance company any notice whatsoever for 105 days. The sole explanation offered by the insured dealer in an attempt to excuse this delay was that it did not believe that it could be held liable for any accident once it had sold the vehicle.
Its belief was just plain wrong. At the time of the accident and, indeed, for at least 10 years prior thereto, the law was clear that a dealer who allowed his license plates to remain on an automobile after he sold it to a third party "without first *388 mailing" the requisite statement to the Commissioner continued liable as "owner" despite the transfer of title. (See Reese v. Reamore, 292 N.Y. 292; Buono v. Stewart Motor Trucks, 292 N.Y. 637; Switzer v. Aldrich, 307 N.Y. 56, 59-60.)[1] Quite obviously, ignorance of the law  particularly where the insured is an established dealer operating in a specialized and highly regulated area  may not be relied upon to excuse compliance with explicit terms of an insurance policy requiring notice or to mitigate and render reasonable an inordinate delay such as was here present.
In short, therefore, it is my opinion that the 105-day delay constitutes a breach of the notice condition of the policy as a matter of law and bars recovery. (See, e.g., Deso v. London & Lancashire Ind. Co., 3 N Y 2d 127, 129-130 [delay of 51 days]; Rushing v. Commercial Cas. Ins. Co., 251 N.Y. 302, 304-305 [delay of 22 days].)
Consequently, as I noted above, I would dismiss the complaint in its entirety, modify the order of the Appellate Division, reinstate that of Special Term and answer both certified questions in the negative.
DYE, J. (dissenting in part).
I dissent from so much of the decision about to be rendered herein as dismisses that part of the plaintiff's cause of action which is based on the assignment to plaintiff of the claims and judgment against Dorp in favor of Thomas, Demarest and Eimess and vote to affirm.
In the action by Thomas et al. which resulted in a judgment after trial against Dorp and the other defendants including Central, that judgment on appeal was reversed as to the other defendants and a new trial ordered as to them but continued to stand as a valid judgment against Dorp because the latter did not appeal.
Before the new trial was had as to the others, Central settled the actions and took assignments from the individual plaintiffs, *389 including an assignment of the Dorp judgment. However when Greyhound, as assignee of Central, brought this suit to collect the Dorp judgment against the Dorp insurer, the defendant here (we are not concerned with the assignment of the settled claims), defendant resisted on the theory that, in reality, the action was one for contribution and that any recovery by Central, plaintiff's assignor, was barred under the doctrine of joint tort-feasor. To support this defense, defendant insurer points to the post-appeal ante-new-trial settlement as barring a suit for contribution under section 211-a of the Civil Practice Act (now CPLR 1401), since Central was not at the time of settlement a judgment creditor within the purview of the statutory language. It is, of course, true that before a joint tort-feasor may sue for contribution he must have paid more than his prorata share of the joint judgment. Thus it is argued that, since there was no joint judgment, because the initial judgment against all the defendants had been severed as to all defendants and a new trial ordered except as to Dorp, there was no longer a joint judgment on which contribution could be had.
Ingenious as this defense may be, it does not stand analysis. Section 167 (subd. 1, par. [b]) of the Insurance Law specifically provides that in case judgment against the insured "in an action brought to recover damages for injury sustained * * * during the life of the policy * * * shall remain unsatisfied * * * then an action may * * * be maintained against the insurer under the terms of the policy * * * for the amount of such judgment not exceeding the amount of the applicable limit of coverage under such policy or contract."
The judgment which Thomas, Demarest and Eimess had against Dorp was enforcible against Dorp and if it did not pay  which it has not  then the judgment creditor could have sued Dorp's insurer and collected. That is the express purpose and intent of section 167 (subd. 1, par. [b]) above quoted, that is, to protect an injured party or parties against loss of the damages and injury represented by the judgment obtained. Whatever rights or interests joint judgment debtors may have as between themselves cannot and should not serve to defeat an injured party whose rights are fixed by statute. It may not be said in logic or law that such rights are forfeited by an assignment. If the Legislature intended to exclude an assignee *390 who is also a joint tort-feasor, it certainly could have done so by delimiting language but, instead, it used general language, the pertinent part of which is above quoted and, if there is any doubt as to the status of an assignee, it was removed by paragraph (c) of subdivision 7 which provides that "Any assignee" (italics supplied) of a judgment obtained by any person for personal injury may maintain an action subject to subdivision 2 of section 41 of the Personal Property Law which is not applicable here.
Surely, this comprehensive, carefully drawn statutory scheme to protect injured persons was not designed to exclude the tort-feasor assignee of a valid judgment, else the phrase "Any assignee" is meaningless requiring construction in every given case, a situation which the Legislature did not envision and which we should not create. Because the statutory language applicable to this situation is clear and unequivocal, the answer to the first certified question should be in the affirmative.
The second certified question should also be answered in the affirmative.
Order to the extent that it denies appellant's motion for summary judgment dismissing the complaint insofar as respondent seeks recovery upon the assignment to respondent of the claims of Margaret Claire Thomas, Albert Demarest and Jean Eimess against Dorp reversed, without costs, and the complaint as to these items dismissed. First question certified answered in the negative.
Order to the extent that it denies appellant's motion for summary judgment dismissing the complaint insofar as respondent seeks contribution by reason of Central Greyhound's payment of a portion of the judgment in favor of Amanda Young against all defendants, jointly, affirmed, without costs. Second question certified answered in the affirmative.
NOTES
[1] In reaching this conclusion in the Switzer case (307 N.Y. 56, supra), the court expressly noted (p. 60) that "[t]his principle was applied by us in Reese v. Reamore [292 N.Y. 292, decided in 1944, 10 years before the accident in the present case] * * * where we held that an automobile dealer who permits a purchaser to use his dealer's license plates, without complying with the safeguards established by statutes and administrative regulations, * * * may not deny his ownership in order to escape liability for an accident which occurred while the car still bore his dealer's plates."