Fuld, J.
(concurring in part). I would dismiss the complaint in its entirety. I agree with the court that, as to the assignments from three of the four injured parties (Thomas, Demarest and Eimess), the plaintiff has no right, pursuant to the provisions of section 167 (subd. 7, par. [c]) of the Insurance Law, to maintain this action as their assignee. However, I believe that the delay in giving notice of the accident to the defendant insurance company bars the action not only as to the plaintiff’s claim based on those assignments but also as to its claim to enforce the judgment of contribution obtained by its predecessor, Central, following the action by the other injured person (Amanda Young).
The insured, Dorp Motors, is an automobile dealer. By explicit provision of statute, a dealer who sells a motor vehicle is prohibited from delivering to the purchaser, for use on that vehicle, its dealer’s license plates “without first mailing” to the Commissioner of Motor Vehicles “a verified statement” indicating such fact (Vehicle and Traffic Law, former § 63, now § 416). In the present case, the insured, although it sold and delivered the truck to the purchaser with its dealer’s plates attached, admittedly failed to comply with this statutory requirement.
The insurance policy issued by the defendant, and on which the plaintiff sues, provides that written notice of an accident is to be given to the insurer " as soon as practicable ’ ’. Although the insured learned of the accident almost immediately after it had occurred, neither it nor anyone else gave the defendant insurance company any notice whatsoever for 105 days. The sole explanation offered by the insured dealer in an attempt to excuse this delay was that it did not believe that it could be held liable for any accident once it had sold the vehicle.
Its belief was just plain wrong. At the time of the accident and, indeed, for at least 10 years prior thereto, the law was clear that a dealer who allowed his license plates to remain on an automobile after he sold it to a third party “without first *388 mailing ” the requisite statement to the Commissioner continued liable as “ owner ” despite the transfer of title. (See Reese v. Reamore, 292 N. Y. 292; Buono v. Stewart Motor Trucks, 292 N. Y. 637; Switzer v. Aldrich, 307 N. Y. 56, 59-60. )[1] Quite obviously, ignorance of the law—particularly where the insured is an established dealer operating in a specialized and highly regulated area—may not be relied upon to excuse compliance with explicit terms of an insurance policy requiring notice or to mitigate and render reasonable an inordinate delay such as was here present.
In short, therefore, it is my opinion that the 105-day delay constitutes a breach of the notice condition of the policy as a matter of law and bars recovery. (See, e.g., Deso v. London & Lancashire Ind. Co., 3 N Y 2d 127, 129-130 [delay of 51 days] ; Rushing v. Commercial Cas. Ins. Co., 251 N. Y. 302, 304-305 [delay of 22 days].)
Consequently, as I noted above, I would dismiss the complaint in its entirety, modify the order of the Appellate Division, reinstate that of Special Term and answer both certified questions in the negative.

. In reaching this conclusion in the Switzer case (307 N. Y. 56, supra), the court expressly noted (p. 60) that “ [t]his principle was applied by us in Reese v. Reamore [292 N. Y. 292, decided in 1944, 10 years before the accident in the present ease] * * * where we held that an automobile dealer who permits a purchaser to use his dealer’s license plates, without complying with the safeguards established by statutes and administrative regulations, * * * may not deny his ownership in order to escape liability for an accident which occurred while the car still bore his dealer’s plates.”