WIELAND v. KENNY

1. NEGLIGENCE — PROXIMATE CAUSE — AUTOMOBILES — DEALER —
   DISMISSAL AND NONSUIT.
   Negligence action against an automobile dealer that allowed an
   uninsured motorist to use its automobile dealer license plates
   on his vehicle was properly dismissed where use of the dealer
   plates violated a statute but that violation was not the proxi-
   mate cause of the accident which resulted in plaintiff's injuries
   (MCLA § 257.256).

2. AUTOMOBILES—DEALER—LICENSE PLATES—ESTOPPEL.
   An automobile dealer should not be estopped from denying owner-
   ship of a vehicle which is illegally bearing, with his knowledge
   and consent, license plates belonging to the dealer (MCLA
   § 257.256).

Appeal from Ionia, Leo W. Corkin, J., presiding.
Submitted Division 3 January 7, 1970, at Grand
Rapids. (Docket No. 6,682.) Decided February 23,
1970. Leave to appeal granted September 30, 1970.
384 Mich 762.

Complaint by John C. Wieland against Robert J.
Kenny and Raymond & Anderson, Inc., for injuries
resulting from an automobile-motorcycle collision.
The Secretary of State intervened as a defendant.
Judgments against Robert J. Kenny, and the Sec-
retary of State. Judgment of no cause of action

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 365, 581.
[2] 7, 8 Am Jur 2d, Automobiles and Highway Traffic §§ 26, 27,
    908.

against Raymond & Anderson, Inc.    Plaintiff appeals.    Affirmed.

*Marcus, McCroskey, Libner, Reamon, Williams & Dilley (Thomas D. Geil,* of counsel), for plaintiff.

*Welch & Watt,* for defendant Raymond & Anderson, Inc.

Before: V. J. BRENNAN, P. J., and R. B. BURNS and T. M. BURNS, JJ.

PER CURIAM.  The plaintiff here received a judgment of $85,000 against defendant, Kenny, an uninsured motorist, for injuries suffered when Kenny turned his car directly into the path of plaintiff's motorcycle.

The plaintiff, rightly fearing that Kenny would be uncollectible, also sued defendant, Raymond & Anderson, Inc.  The plaintiff's claim against Raymond & Anderson, Inc. is that it allowed Kenny to use its automobile dealership license plates in violation of MCLA § 257.256 (Stat Ann 1968 Rev § 9.1956).

The trial court, sitting without a jury and relying on *Endres* v. *Mara-Rickenbacker Co.* (1928), 243 Mich 5, found that although there was a violation of the statute, the violation was not the proximate cause of the accident.  The charge against Raymond & Anderson, Inc. was therefore dismissed.  It is from this dismissal that plaintiff appeals.

On appeal the plaintiff's sole issue is whether an automobile dealer should be estopped from denying ownership of a vehicle which is illegally bearing, with the dealer's knowledge and consent, license plates belonging to the dealership.

Plaintiff acknowledges the Michigan rule as set down by *Endres, supra,* at p 7, is against him. However, the plaintiff urges this Court to repudiate the *Endres* decision and adopt the rule of another jurisdiction, New York. See *Reese* v. *Reamore* (1944), 292 NY 292 (55 NE2d 35); *Switzer* v. *Aldrich* (1954), 307 NY 56 (120 NE2d 159).

We do not view the *Endres* rule as the majority of the Court in *Abendschein* v. *Farrell* (1968), 11 Mich App 662, 679 viewed the *lex loci delicti* rule established as the law in Michigan by *Kaiser* v. *North* (1939), 292 Mich 49. The *Endres* rule is not an empty shell, the destruction of which only awaits action of its creating tribunal. The *Endres* rule is still supported by ample authority in this as well as other jurisdictions. See 99 ALR2d 904, § 2(a), pp 906–909.

Further, we find no indication that if the Supreme Court were to be presented with the issue before us here that it would decide it in any way contrary to *Endres.* See generally *Abendschein, supra,* (Levin, *dissenting*) at p 680.

Bound as we are under these circumstances by *Endres,* we cannot but affirm.

Affirmed. Costs to appellee.