WIELAND v. KENNY

AUTOMOBILES—AUTOMOBILE DEALER—ESTOPPEL—COLLISION—CAUSAL
CONNECTION—IMPROPER USE OF LICENSE PLATES—VIOLATION OF
STATUTES.

 A licensed motor car dealer is estopped from saying that its
 violation of a statute, prohibiting any person from permitting
 the use of any registration plate issued to him if the person
 using the plate would not be entitled to the use thereof, was
 not causally connected with the vehicular collision which
 resulted in plaintiff's injuries and the dealer was responsible
 to plaintiff for defendant-driver's actionable negligence, as the
 dealer's course of conduct put upon the road an ancient motor
 vehicle, then in the course of "restoration" which could not
 have been licensed save as an "historic" or "antique vehicle"
 under a statute and then only upon a showing by affidavit that
 it "has been inspected and found safe to operate on the high-
 ways of this state" where defendant-driver, an employee of
 the dealer, used the dealer's plates on that vehicle, the president
 of the dealer company knew that defendant-driver was using
 the dealer plates regularly to road test the vehicle, knew that
 the vehicle, on account of its age and condition, could not
 be operated lawfully on the public ways without special
 licensing, and he knowingly participated in the violation of
 both of those statutes (MCLA §§ 257.256, 257.803a).

Appeal from Court of Appeals, Division 3, V. J.
Brennan, P. J., and R. B. Burns and T. M. Burns,
JJ., affirming Ionia, Leo W. Corkin, J. Submitted
June 22, 1971. (No. 26 June Term 1971, Docket
No. 52,761.) Decided August 27, 1971.

REFERENCE FOR POINTS IN HEADNOTE
8 Am Jur 2d, Automobiles and Highway Traffic § 603.

22 Mich App 30 reversed.

Complaint by John C. Wieland against Robert J. Kenny and Raymond & Anderson, Inc., for damages for injuries sustained in an automobile-motorcycle collision. The Secretary of State intervened as a defendant. Judgments against Robert J. Kenny, and the Secretary of State. Judgment of no cause of action as to Raymond & Anderson, Inc. Plaintiff appealed to the Court of Appeals. Affirmed. Plaintiff appeals. Reversed.

*Marcus, McCroskey, Libner, Reamon & Williams* (by *Thomas D. Geil*), for plaintiff.

*Welch & Watt,* for defendant Raymond & Anderson, Inc.

PER CURIAM. Citing *Endres* v. *Mara-Rickenbacker Co.* (1928), 243 Mich 5, Division 3 ruled that defendant Raymond & Anderson, Inc., a duly licensed motor car dealer, was not responsible to plaintiff for defendant Kenny's adjudged actionable negligence (*Wieland* v. *Kenny* [1970], 22 Mich App 30). We hold otherwise.

Defendant Kenny was a regular employee of defendant Raymond & Anderson. Raymond & Anderson provided access to and permitted more or less regular use by certain of its employees of a series of dealer's license plates theretofore issued to it. The practice was not confined to defendant Raymond & Anderson's business, or to attachment of such plates to motor vehicles owned or demonstrated for sale by defendant Raymond & Anderson. These employees were permitted at will to use such plates on their own cars for driving on public ways, for their own purposes of business or pleasure. A

clearer portrayal of flagrant distinguished from technical violation of section 256 of the vehicle code of 1949 (MCLA § 257.256; Stat Ann 1968 Rev § 9.1956) is hardly conceivable.

Plaintiff insists that defendant Raymond & Anderson is estopped from saying that its statutory violation was not causally connected with the vehicular collision which resulted in plaintiff's injuries, citing *Reese* v. *Reamore* (1944), 292 NY 292 (55 NE2d 35) and *Switzer* v. *Aldrich* (1954), 307 NY 56 (120 NE2d 159). The point being one for solution according to the common law of estoppel, and being of first impression in our state, we are constrained upon the presented facts to agree.

The ruling of the Court of Appeals of New York, made first in *Reese* and adopted later in *Switzer,* points to a regulatory system wholly akin to ours in this area of use and misuse of automobile license plates. Having referred to the corresponding statutory provisions of New York, and having said with supporting citations that "Where the dealer complies with the simple and explicit requirements of the statute authorizing the use of his plates by others, or where the plates are used by others without his permission, express or implied, this principle[1] has no application.", the court went on to declare that which we apply here:

"If, however, the dealer permits the use of his plates in deliberate violation of the statute, then the situation is precisely equivalent to the false registration involved in *Shuba* v. *Greendonner (supra)* and he may not deny his ownership which he has falsely evidenced by permitting the unlawful use of his plates by another. Any other rule would be against public policy, would encourage fraudulent

---

[1] The principle to which the court makes reference was laid down in *Shuba* v. *Greendonner* (1936), 271 NY 189 (2 NE2d 536).

and illegal deceptions on those engaged in enforcing the traffic laws of the State and deprive the public of the protection which these laws are intended to extend to those using the public highways."[2]

The case before us is unlike both *Reese* and *Switzer* in one respect. The estopping facts shown here are measurably stronger than *Reese* and *Switzer* were able to muster.

As suggested above this dealer's course of conduct was not confined to an isolated transaction. It enables some if not all of the dealer's employees to flaunt MCLA § 257.256 (Stat Ann 1968 Rev § 9.1956) regularly and make of all participants lawbreakers by habit. It served for the case of this plaintiff's negligently inflicted injuries to put upon the road an ancient motor vehicle, then in the course of "restoration"; a motor vehicle which upon these evidentiary facts could not have been licensed save as an "historic" or "antique" vehicle under § 803a of the vehicle code (MCLA § 257.803a; Stat Ann 1968 Rev § 9.2503[1]), and then only upon showing by affidavit that it "has been inspected and found safe to operate on the highways in the state" (quotation from § 803a). We consider below the controlling specifics, out of which our holding of estoppel has grown to fruition.

The 1929 Model A Ford defendant Kenny was driving on the occasion of this June 1966 collision was purchased by him in March of 1966 from an automobile salvage concern. Wholly inoperable at the time, it was delivered by trailer to defendant Kenny at defendant Raymond & Anderson's garage. From that time on Kenny in spare time worked upon the vehicle with view toward its almost complete reconstruction. Finally, about two weeks

---

[2] This passage, condensed, was quoted by the court in support of *Switzer's* like ruling.

prior to the collision which resulted in plaintiff's injuries, Kenny obtained and installed a new motor and began road testing the vehicle, using defendant Raymond & Anderson's dealer plates for such purpose. This went on to the time of the collision. The proof is overwhelming that Mr. Raymond, President of defendant Raymond & Anderson, knew that Kenny was using the dealer plates regularly for such testing purposes, on the public ways of Belding. Too, it is fairly inferable that Mr. Raymond, a car dealer in business some 23 years, knew that the Model A on account of its age and condition could not be operated lawfully on public ways without special licensing, and that he knowingly participated in the violation of both statutory provisions cited above. All this considered, we cannot hear him or anyone else on behalf of the defendant dealership say there was no causal connection between the aforesaid statutory violation and the plaintiff's sustained injuries.

Merely to compare the *Endres* case with the foregoing establishes that *Endres'* holding of liability of the dealer defendant alone was decisive. Aside from that, no question of estoppel was raised or considered in *Endres*. The specific holding of *Endres,* that the defendant dealer was liable as *statutory owner* of the car which bore illegally its set of license plates, stands unquestioned. But the precedent goes no farther than that.

Reversed. Costs of all courts to plaintiff.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred.