*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KATHERINE LYNN BAZZO,

Plaintiff-Appellant,

v

JOHN DOE I, JOHN DOE II, JOHN DOE III,
MOHAMMED WASEEM QURESHI, FARM
BUREAU GENERAL INSURANCE COMPANY,
FARM BUREAU MUTUAL INSURANCE
COMPANY, PRIORITY HEALTH, PRIORITY
HEALTH CHOICE, INC, PRIORITY HEALTH
INSURANCE COMPANY, doing business as
CHESAPEAKE LIFE INSURANCE COMPANY
and SUREBRIDGE, MICHIGAN AUTOMOBILE
INSURANCE PLACEMENT FACILITY,

Defendants,

and

GROULX AUTOMOTIVE, INC,

Defendant-Appellee.

UNPUBLISHED
June 2, 2022

No. 357178
Monroe Circuit Court
LC No. 20-143143-NI

Before: SWARTZLE, P.J., and CAMERON and PATEL, JJ.

PER CURIAM.

Plaintiff Katherine Lynn Bazzo appeals as of right the trial court's April 27, 2021 order, which dismissed plaintiff's claim against defendant Farm Bureau General Insurance Company of Michigan. On appeal, plaintiff challenges the trial court's March 17, 2021 order, which granted summary disposition in favor of defendant Groulx Automotive, Inc. (Groulx), under MCR 2.116(C)(8) (failure to state a claim) and (C)(10) (no genuine issue of material fact). We affirm.

## I.  BACKGROUND

Groulx operates an automobile sales dealership in Monroe County.  In 2018, Groulx obtained 60 dealer plates from the State of Michigan.  The dealer plates were assigned to Groulx salespeople and other employees to utilize during the course of their employment.  At all relevant times, Sam Liechti (Liechti) was a "salesman assistant" at Groulx.

In July or August of 2018, Liechti met Mohammad Waseen Qureshi (Qureshi) at a car show where Qureshi was showing his Dodge Viper.  Liechti and Qureshi formed a "loose business relationship" because Qureshi was interested in purchasing a new motor vehicle from Groulx.  In the months that followed, Qureshi test drove several vehicles.  Before the vehicles were provided to Qureshi, either Liechti or another Groulx employee affixed a dealer plate to those vehicles.  At some point, a dealer plate that belonged to Groulx was affixed to Qureshi's Viper.

On December 15, 2018, plaintiff was a passenger in the Viper, which was being driven by Qureshi.  Qureshi lost control of the Viper, ran off the roadway, and struck a tree.  Plaintiff was injured and underwent extensive medical treatment.  One of Groulx's dealer plates was affixed to the Viper at the time of the accident.

Plaintiff filed suit against Qureshi, several unknown individuals, and several insurance companies, including Farm Bureau General Insurance Company of Michigan.  The claims appeared in plaintiff's original complaint and first-amended complaint.[1]  After discovering that the dealer's plate that was on the Viper at the time of the accident belonged to Groulx, plaintiff moved to file a second-amended complaint.  The motion was granted, and plaintiff filed claims against Groulx, alleging violations of MCL 257.256(1) and MCL 257.244(9) and (10) and violations of the Michigan Department of State Dealer Manual (the Dealer Manual).[2]  Plaintiff also alleged that Groulx was liable for common-law negligence.

Discovery commenced, and Liechti was deposed.  Liechti denied that he had permitted Qureshi to keep a dealer plate, and he speculated that Qureshi had removed it during one of the test drives.  Liechti indicated that he was not aware that Qureshi had kept the plate until after the second-amended complaint had been served.

Groulx moved for summary disposition under MCR 2.116(C)(8) and (C)(10).  Groulx argued that plaintiff could not establish that it had violated MCL 257.256(1) or MCL 257.244(9) and (10) and that the Dealer Manual did not have the force and effect of law.  Finally, Groulx argued that it was entitled to summary disposition on the negligence claim because "Groulx neither owed nor breached any legal duty to Plaintiff with regard to Groulx's dealer's registration plate,

---

[1] The "John Doe" defendants were ultimately dismissed because of plaintiff's failure to identify them and serve them with any of the complaints.  The claims against the insurance providers were also dismissed, and a default judgment was entered against Qureshi.

[2] Plaintiff also alleged that Groulx was liable under Michigan's owner liability statute, MCL 257.401.  Because plaintiff does not challenge the trial court's decision to dismiss that claim, we will not address it.

and because as a matter of law no action by Groulx was the proximate cause of the subject accident."

Plaintiff opposed the motion, arguing that a material question of fact existed. To support this, plaintiff presented an affidavit that Qureshi executed on June 5, 2020. In the affidavit, Qureshi averred that "Groulx . . . allow[ed] [him] to use the Groulx Automotive Dealer Plate for [his] use on the car as [he] saw fit." Specifically, Qureshi averred that Liechti "knowingly allowed [him] to use the Groulx Automotive Dealer Plate on" the Viper. Qureshi denied that he stole the dealer plate from Groulx or that he had ever "received a demand or a request to return the dealer plate. . . ." Qureshi averred that he would not have driven the Viper without the dealer plate.

On March 17, 2021, the trial court granted Groulx's motion for summary disposition following oral argument. Plaintiff now challenges that decision.

## II. STANDARDS OF REVIEW AND GENERAL PRINCIPLES OF LAW

A trial court's decision regarding a motion for summary disposition is reviewed de novo. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020).

> A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim based on the factual allegations in the complaint. When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone. A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery.
>
> A motion under MCR 2.116(C)(10), on the other hand, tests the factual sufficiency of a claim. When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. [*El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159-160; 934 NW2d 665 (2019) (quotation marks, citations, and emphasis omitted).]

This Court "review[s] de novo a trial court's interpretation and application of a statute." *City of Grand Rapids v Brookstone Capital, LLC*, 334 Mich App 452, 457; 965 NW2d 232 (2020). "The primary goal of statutory interpretation is to give effect to the intent of the Legislature. If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted." *Mich Head & Spine Institute, PC v Mich Assigned Claims Plan*, 331 Mich App 262, 272; 951 NW2d 731 (2019) (quotation marks and citations omitted). "The use of the word 'shall' denotes mandatory action." *Wolfenbarger v Wright*, 336 Mich App 1, 31; 969 NW2d 518 (2021).

## III.  ANALYSIS

### A.  CLAIMS OF STATUTORY AND DEALER MANUAL VIOLATIONS

Plaintiff argues that the trial court erred by granting summary disposition in favor of Groulx on her statutory violation claims and her claim that Groulx violated provisions of the Dealer Manual.  We disagree.

### 1.  ALLEGED VIOLATION OF MCL 257.256(1)

Plaintiff alleged that Groulx violated MCL 257.256(1), which provides, in relevant part, as follows:

> A person shall not lend to another person, or knowingly permit the use of, any certificate of title, registration certificate, registration plate, special plate, or permit issued to him or her if the person receiving or using the certificate of title, registration certificate, registration plate, special plate, or permit would not be entitled to the use thereof.

Therefore, MCL 257.256(1) prohibits a person who has been issued a special plate from lending or knowingly permitting the use of that special plate to another person who is not entitled to use it.

"[G]enerally speaking, a plaintiff cannot make a viable claim for money damages based strictly on violation of a statute unless the Legislature provides for a private statutory cause of action." *Randall v Mich High Sch Athletic Ass'n*, 334 Mich App 697, 717; 965 NW2d 690 (2020).  "[A] plaintiff has no private cause of action to enforce [a statutory] right unless (1) the statute expressly creates a private cause of action, or (2) a cause of action can be inferred from the fact that the statute provides no adequate means of enforcement of its provisions." *Lane v Kindercare Learning Ctrs*, 231 Mich App 689, 695-696; 588 NW2d 715 (1998).  We conclude that MCL 257.256 does not expressly create a private statutory cause of action.  Additionally, a cause of action cannot be inferred because the statute provides an adequate means to enforce its purposes.  Indeed, violation of the statute can result in a person being criminally charged with a misdemeanor.  See MCL 257.256(2).  Therefore, plaintiff does not have a private cause of action under MCL 257.256(1).  Summary disposition on that claim was therefore proper.

### 2.  ALLEGED VIOLATION OF MCL 257.244

Plaintiff also alleged that Groulx violated provisions contained in MCL 257.244.  In relevant part, MCL 257.244 provides as follows:

> (9) If a vehicle that is required to be registered under this act is leased or sold, the vendee or lessee is permitted to operate the vehicle upon a street or highway for not more than 72 hours after taking possession if the vehicle has a dealer plate attached as provided in this section.  The application for registration shall be made in the name of the vendee or lessee before the vehicle is used.  The dealer and the vendee or lessee are jointly responsible for the return of the dealer plate to the dealer within 72 hours, and the failure of the vendee or lessee to return

or the vendor or lessor to use due diligence to procure the dealer plate is a misdemeanor, and in addition the license of the dealer may be revoked. While using a dealer's plate, a vendee or lessee shall have in his or her possession proof that clearly indicates the date of sale or lease of the motor vehicle.

(10) A vehicle owned by a dealer and bearing the dealer's plate may be driven upon a street or highway for demonstration purposes by a prospective buyer or lessee for a period of 72 hours.

As with MCL 257.256, we conclude that MCL 257.244 does not create a private right of action. Furthermore, we conclude that plaintiff could not have established a violation of MCL 257.244(9) because Qureshi did not buy or lease a vehicle from Groulx. Rather, Qureshi test drove several vehicles that had dealer plates, and there is no evidence that he kept the vehicles for more than 72 hours. Thus, Groulx was not required under MCL 257.244(9) "to use due diligence to procure the dealer plate. . . ." Additionally, with respect to MCL 257.244(10), it is undisputed that the Viper was owned by Qureshi. Because MCL 257.244(10) prohibits a vehicle that is owned by a dealer and that bears the dealer's plate from being driven by a prospective buyer for longer than 72 hours, MCL 257.244(10) does not apply to the facts at issue in this case. Consequently, even assuming that MCL 257.244 permits a private cause of action, plaintiff cannot establish that Groulx violated MCL 257.244(9) or (10). Summary disposition on those claims was proper.

### 3. ALLEGED VIOLATIONS OF DEALER MANUAL PROVISIONS

Plaintiff alleged that Groulx violated certain provisions of the Dealer Manual, which requires a dealer to track its plates through regular audits and to "immediately" report the loss of a dealer plate to the Business Licensing Section of the Secretary of State. See Michigan Department of State Dealer Manual, 1-14.6 and 1-14.7. However, our Supreme Court has held that the Dealer Manual is not entitled to the force and effect of law because it was not properly promulgated as a rule. *Goins v Greenfield Jeep Eagle, Inc*, 449 Mich 1, 7-10; 534 NW2d 467 (1995). Therefore, plaintiff cannot rely on the Dealer Manual to establish liability, and summary disposition on this claim was proper.

### B. NEGLIGENCE CLAIM

Plaintiff next argues that the trial court improperly granted summary disposition in favor of Groulx on her negligence claim. We disagree.

"To make a negligence claim, a plaintiff must prove that (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Randall*, 334 Mich App at 702 (quotation marks and citation omitted).

Any negligence-based claim must, as its starting point, identify a legal duty owed by one to another. If there is no duty, then there is no negligence. The Legislature can create a duty by statute, but not every statute creates such a duty. To determine whether a statute creates a particular duty with respect to a particular party, courts generally consider two questions: (1) did the Legislature intend that the statute would prevent the type of injury and harm actually suffered by the party;

and (2) did the Legislature intend that the party was within the class of persons protected by the statute? If the answers to both are yes, then a legal duty arises from the statutory enactment. [*Id*. at 703 (citations omitted).]

Plaintiff first notes that *Wieland v Kenny*, 385 Mich 654; 189 NW2d 257 (1971), "recognized that a violation of MCL § 257.256 gives rise to a negligence claim based upon the duty of a dealer to strictly control use of its dealer plates in compliance with the law."

In *Wieland*, the plaintiff was injured in a collision with an automobile that was driven and owned by the defendant driver, who was an uninsured driver. *Wieland v Kenny*, 22 Mich App 30, 31; 176 NW2d 699 (1970), rev'd by 385 Mich 654 (1971). The plaintiff filed suit against the defendant driver and the defendant driver's employer, which sold used motor vehicles. *Wieland*, 385 Mich at 655. The evidence supported that the defendant dealer allowed its employees, including the defendant driver, regular access to its automobile dealer plates "for their own purposes of business or pleasure." *Id*. Our Supreme Court held that the defendant "dealer was estopped from saying that its statutory violation was not causally connected with the vehicular collision which resulted in plaintiff's injuries." *Id*. This conclusion was based on the dealer's "flagrant" violation of former MCL 257.256, which is essentially identical to the current MCL 257.256. *Wieland*, 385 Mich at 656. In so holding, the *Wieland* Court focused on the actions and knowledge of the dealership owner. *Id*. at 657-658.

Plaintiff argues that *Wieland* controls because Qureshi averred that Liechti "knowingly allowed [him] to use the Groulx Automotive Dealer Plate on" the Viper. Qureshi denied that he stole the dealer plate from Groulx or that he had ever "received a demand or a request to return the dealer plate. . . ." In response, however, Groulx argues that the facts in *Wieland* are distinguishable from the facts herein because there is no evidence to support that Groulx's owners were aware that Qureshi was in possession of the dealer plate and because Groulx is not liable for Liechti's alleged actions under a theory of vicarious liability. We agree with Groulx.

In *Hamed v Wayne Co*, 490 Mich 1, 10-11; 803 NW2d 237 (2011), our Supreme Court discussed an employer's vicarious liability for an employee's conduct, explaining:

The doctrine of respondeat superior is well established in this state: An employer is generally liable for the torts its employees commit within the scope of their employment. It follows that an employer is not liable for the torts committed by an employee when those torts are beyond the scope of the employer's business. This Court has defined within the scope of employment to mean engaged in the service of his master, or while about his master's business. Independent action, intended solely to further the employee's individual interests, cannot be fairly characterized as falling within the scope of employment. Although an act may be contrary to an employer's instructions, liability will nonetheless attach if the employee accomplished the act in furtherance, or the interest, of the employer's business. [Quotation marks, citations, and alteration omitted.]

Whether an employee was acting within the scope of his or her employment is generally a question for the trier of fact, but the issue may be decided as a matter of law when it is clear that

the employee was acting to accomplish some purpose of his or her own. *Bryant v Brannen*, 180 Mich App 87, 98; 446 NW2d 847 (1989).

Even when viewing the evidence in a light most favorable to plaintiff, we conclude that summary disposition in favor of Groulx is proper because there is no evidence that Liechti was acting within the scope of his employment when he allegedly provided Qureshi with the dealer plate. Indeed, contrary to plaintiff's arguments on appeal, Qureshi did not aver that Liechti provided him with the dealer plate to entice him to purchase a vehicle from Groulx.[3] Rather, Qureshi averred that Liechti provided him with the plate because they were friends. Because the affidavit supports that Liechti was not engaging in the service of his master and was instead seeking to further his individual interests, i.e., maintaining his friendship with Qureshi, Liechti's alleged actions cannot be fairly characterized as falling within the scope of employment. Consequently, plaintiff failed to provide evidence to support that Groulx is vicariously liable for Liechti's alleged breach of the duty created under MCL 257.256(1). Similarly, we conclude that the collision and resulting injuries to plaintiff were not the reasonably foreseeable result of Groulx's actions here. The trial court correctly concluded, therefore, that summary disposition was also appropriate on proximate-causation grounds. See *Johnson v Vanderkooi*, 502 Mich 751, 767-769, 776-777; 918 NW2d 785 (2018).

Next, plaintiff argues that Groulx's alleged violation of MCL 257.244(9) and (10) support her negligence claim. Even if MCL 257.244 creates a legal duty, plaintiff cannot establish that Groulx's agents breached that duty. As already discussed above in relation to MCL 257.244(9), Qureshi did not buy or lease a vehicle from Groulx. Rather, Qureshi test drove several vehicles that had dealer plates, and there is no evidence that he kept the vehicles for more than 72 hours. Consequently, Groulx was not required under MCL 257.244(9) "to use due diligence to procure the dealer plate. . . ." Additionally, with respect to MCL 257.244(10), it is undisputed that the Viper was owned by Qureshi. Because MCL 257.244(10) prohibits a vehicle that is owned by a dealer and that bears the dealer's plate from being driven by a prospective buyer for longer than 72 hours, MCL 257.244(10) does not apply to this case. Consequently, plaintiff cannot establish that there was a breach of any duties related to MCL 257.244(9) and (10).

Next, plaintiff argues that Groulx's violation of the Dealer Manual supports that her negligence claim is viable. However, as already discussed, our Supreme Court has held that the Dealer Manual does not have the force and effect of law because it was not properly promulgated as a rule. *Goins*, 449 Mich at 7-10. Thus, plaintiff cannot rely on the Dealer Manual to establish that Groulx owed her a duty.

In sum, we conclude that the trial court properly granted summary disposition in favor of Groulx on plaintiff's negligence claim. Consequently, we need not consider the remainder of the parties' arguments on appeal.

---

[3] Groulx argues on appeal that the trial court was not permitted to consider Qureshi's affidavit when deciding the motion for summary disposition because plaintiff committed discovery violations by failing to timely provide Groulx with the affidavit. We need not consider Groulx's argument, however, because summary disposition was proper even when considering the affidavit.

In so holding, we acknowledge that plaintiff argues that the trial court should have inferred that evidence that was destroyed by Groulx would have favored plaintiff when deciding the motion for summary disposition. There is no binding Michigan case law on this issue. Nonetheless, we do not need to decide this issue of first impression because plaintiff would not have been entitled to an instruction under SJI2d 6.01.

Jury instructions should include all elements of the plaintiff's claims and should not omit material issues, defenses, or theories if the evidence supports them. *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000). SJI2d 6.01 provides that if a party fails to produce evidence within his or her control and provides no reasonable excuse for this failure, the jury may infer that the evidence in question would have been adverse to that party. *Ellsworth v Hotel Corp of America*, 236 Mich App 185, 193; 600 NW2d 129 (1999).

In this case, plaintiff alleges that she would have been entitled to this instruction because Groulx admittedly "destroyed all tangible and digital evidence and records concerning contacts with and the multiple dispensing of vehicles and dealer plate or plates to Qureshi." However, the undisputed evidence supports that Groulx either did not keep records or destroyed the records that it kept as a matter of course.[4] Additionally, the records were destroyed before Groulx became aware of the accident and this lawsuit in early 2020. Cf. *Brenner v Kolk*, 226 Mich App 149, 162; 573 NW2d 65 (1997) ("Even when an action has not been commenced and there is only a potential for litigation, the litigant is under a duty to preserve evidence that it knows or reasonably should know is relevant to the action."). Thus, the evidence in this case did not require the trial court to consider an instruction under SJI2d 6.01.

Affirmed.

/s/ Brock A. Swartzle
/s/ Thomas C. Cameron
/s/ Sima G. Patel

---

[4] When asked why there was no information concerning the vehicles that Qureshi test drove available for review, Liechti testified that "once a deal falls through everything is taken out [the deal] jacket and thrown in a shredder to get rid of people's identification and personal information." There was also no documentation concerning who had been assigned the dealer plate that was affixed to the Viper because lists concerning which salesperson was assigned certain dealer plates were destroyed at the end of the year.